## ANNIE E. SAWYER *vs.* CITY OF NEWBURYPORT.

Essex.   November 1, 1892. — December 3, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Defect at Street Crossing — Due Care.*

In an action for personal injuries the plaintiff contended that, in attempting to cross a street in the defendant city, she struck her heel against the first crossing stone; that it was higher than the edgestone of the sidewalk; that the grade was descending, and that there was a defect for which the city was responsible. There was evidence tending to show that the crossing stone was higher than the edgestone, and that, as a piece of original construction, it should be put upon a level. By request of the defendant, the jury were allowed to take a view of the premises. *Held,* that the plaintiff was entitled to have the jury pass upon the question whether there was an actionable defect.

In an action for personal injuries occasioned to the plaintiff by an alleged defect at a street crossing, the question whether the plaintiff was in the exercise of due care is for the jury.

TORT, for personal injuries occasioned to the plaintiff, in attempting to cross Temple Street in Newburyport, the easterly end of which street entered, but did not cross, Federal Street at about a right angle.

At the trial in the Superior Court, before *Bond*, J., the plaintiff requested a ruling that, upon the whole evidence, the plaintiff was not entitled to recover. The judge declined so to rule, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions. The facts appear in the opinion.

*H. I. Bartlett,* for the defendant.

*W. H. Moody,* for the plaintiff.

ALLEN, J. The only question is whether there was evidence sufficient to entitle the plaintiff to go to the jury.

The plaintiff contended that, in attempting to cross Temple Street, and in stepping from the sidewalk of Federal Street upon the crossing, she struck her heel against the first crossing stone; that it was higher than the edgestone of the sidewalk; that the grade was descending; and that there was a defect for which the city was responsible. There was some evidence from witnesses to show that the crossing stone was higher than the edgestone of the sidewalk, and that, as a piece of original con-

struction, it should be put upon a level, and, moreover, by request of the city, the jury were allowed to take a view of the premises; and, upon the whole, it appears plain that the plaintiff was entitled to have the jury pass upon the question whether there was an actionable defect.

If there was such defect, it might be inferred from the situation and the method of construction, and the want of evidence of any recent change of position of the stones, that the city had, or by the exercise of reasonable care might have had, notice of it.

The question whether the plaintiff was in the exercise of due care was also for the jury.*                    *Exceptions overruled.*

---

* The accident occurred at night.    The exceptions recited that "there was an electric arc light burning on Federal Street, one hundred and ninety feet southerly from the place of the accident, suspended in Federal Street by a crane ; another burning four hundred and five feet northerly from the place of accident, suspended in the middle of Federal Street.    The first quarter of the moon was 7.45 A. M. of the day of the accident, and the moon set at 11.36 P. M.    Both streets were dirt streets, unpaved and unmacadamized. The sidewalks were of earth, stone edgestones, short pieces, somewhat irregular in height, and lowest directly opposite the granite stone aforesaid.    There were three deciduous trees between the place of accident and the southerly electric light, all in line of the curb."    The defendant maintained that the plaintiff was not in the exercise of due care.