75 487<br>152a 634

JONAS S. VAN DUZER and Another, Respondents, *v.* THE ELMIRA, CORTLAND AND NORTHERN RAILROAD COMPANY, Appellant.

*Premises on which there is a nuisance — responsibility of the grantee and of his tenant — obstruction of a stream — notice of a defective bridge — when a question for the jury — extraordinary flood.*

A grantee of premises upon which there is a nuisance at the time the title passes to him is not responsible therefor until he has had notice or knowledge of the existence thereof, and the notice required to put the grantee in fault may be proved like any other fact; it may sometimes be inferred from mere occupancy.

When the owner of premises knows or, by the exercise of reasonable care, can ascertain that he has upon his premises a nuisance dangerous to the public, or to an adjoining owner, it is his duty to abate it before leasing the property, and if he does not do so, he is liable in damages to one subsequently injured thereby.

The tenants of such premises are not liable unless they had notice of the existence of the nuisance, or time enough has elapsed in which knowledge of its existence could be obtained by the exercise of reasonable diligence.

The facts and circumstances considered under which it is proper to submit to a jury, for its determination, the question whether a railroad company had or was chargeable with notice of the defective character of a bridge along the line of its road, at the time of the occurrence of a flood, whereby damage was sustained by an adjoining owner.

As a general rule it is a question for the jury to determine whether a flood of an extraordinary character was such that it should have been anticipated and provided against.

APPEAL by the defendant, The Elmira, Cortland and Northern Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 18th day of May, 1892, upon the verdict of a jury for $1,500, after a trial at the Chemung County Circuit, and also from an order made at the Tioga County Special Term, and entered in said clerk's office on the 16th day of June, 1893, denying the defendant's motion for a new trial, made upon a case and exceptions.

*Frederick Collin*, for the appellant.

*Gabriel L. Smith*, for the respondents.

MERWIN, J.:

This action is brought to recover damages for injuries to plaintiffs' farm and property thereon, by reason of floods occurring in October, 1885, and June 1 and 15, 1889. It is alleged that the defendant constructed or maintained a bridge across Newtown creek and an embankment across plaintiffs' farm in so negligent and unskillful a manner that the waters were turned from their natural course and thrown upon plaintiffs' property, causing the injuries complained of.

The plaintiffs, at the dates referred to, were the owners of a farm situated a short distance northeasterly from the village of Horseheads. Through the central portion of the farm the Newtown creek passed in a southerly direction. The railroad of the defendant, as it came from the village of Horseheads, crossed the farm in a northeasterly direction upon an embankment about seven feet above the natural surface of the ground. A portion of the roadbed was a bridge over Newtown creek, and this was a short distance northerly from the south line of the farm. The eastern portion of the farm, over a part of which the railroad passed, was low ground. In the embankment beyond the creek there was no passageway for water except a cattle pass. The plaintiffs claimed that before the road was built the overflow from the creek in times of high water was accustomed to pass easterly across and beyond the farm doing them no injury, but that since the building of the road the embankment

operated to obstruct and gather the water, force it down to the bridge, and that there, upon the occasions complained of, by reason of the insufficiency of the passageway at the bridge, the water was dammed up and forced over the western bank of the creek and onto plaintiffs' property to their injury.

The railroad was originally constructed in 1872 by the Utica, Ithaca and Elmira Railroad Company. The defendant became the owner on the 10th of March, 1884, and has since then operated the road. No question is made here as to the manner or extent of the injuries, but it is claimed (1) that the court erred in submitting to the jury the question whether the defendant had notice or was chargeable with notice or knowledge of the defective character of the bridge at the time of the flood in October, 1885, and (2) that the court on the motion for a nonsuit should have held as matter of law that the floods of June, 1889, were of such an extraordinary character that the defendant was not liable.

(1) After the time the defendant became the owner of the property, and before October, 1885, there had been no flood that demonstrated the defective character of the bridge. Nor was there at the trial any proof of express notice to the defendant. It was, therefore, claimed by the defendant that there was no liability on it for the damages of 1885. The court charged that the defendant was not liable unless from the situation itself it was bound to take notice that the bridge was defective. Whether the defendant was so bound was left to the jury to determine as a question of fact.

In *Conhocton Stone Road* v. *B., N. Y. & E. R. R. Co.* (51 N. Y. 573) it was held that a grantee of premises upon which there is a nuisance at the time the title passes is not responsible therefor until he has had notice or knowledge of the existence thereof, but that it is not necessary to prove a request to abate. In *Ahern* v. *Steele* (115 N. Y. 203) a like principle is stated, and it is there in substance said (pp. 213 *et seq.*) that the notice required to put the party in fault may be proved like any other fact; that it may sometimes be inferred from mere occupancy, depending upon the circumstances of the case. An obstruction may be such that any one, whether professional or not, would see at once that it was improper and lacked safeguards necessary to be made and which might

effectually prevent injury. (*Bellinger* v. *N. Y. Cent. R. R.*, 23 N. Y. 51.) In *Timlin* v. *S. O. Co. et al.* (126 N. Y. 514) it appeared that the Standard Oil Company on May 1, 1885, leased to certain parties premises upon which was a nuisance not created by the company. The action was against the company, its tenants and others for damages occurring in September, 1885, in consequence of the nuisance. The court at the trial charged that as to the company the plaintiff could not recover unless the jury were satisfied from the evidence that the company knew, or ought to have known or had notice that the wall in question was in a dangerous condition before May 1, 1885. On the appeal, this was said to be a correct statement of the law, and the doctrine was laid down that when the owner of premises knows, or, by the exercise of reasonable care, can ascertain, that they have upon them a nuisance dangerous to the public or an adjoining owner, it is his duty to abate it before leasing the property, and if he does not he is liable to respond in damages to any one subsequently injured. As to the tenants, it was held that they were not liable unless they had notice of the existence of the nuisance, or time enough had elapsed in which knowledge of its existence would be obtained by the exercise of reasonable diligence.

In the present case the defendant became owner and went into possession in March, 1884, and the flood occurred in October, 1885. The bridge crossed the stream diagonally, at an angle of about forty-five degrees, and the embankment extended across the flats in a straight line for about 1,500 feet. The angle of the bridge, with the current of the creek, was such that any water coming down along the embankment would naturally be thrown across the stream and strike upon the western bank, which, in fact, gave way in 1885. The bridge was about fifty-nine feet long and rested at each end upon an abutment and in the center there was a pier. Between the pier and each abutment was a bent placed there by the defendant, as the evidence tends to show. The capacity of the waterway at the bridge without the obstruction of the center pier and bents was, as the evidence tends to show, about equal to that between the banks of the creek. The creek was liable to overflow every year from ordinary freshets, and it was subject to sudden rise and fall. Upon any overflow the embankment would be likely to gather the water and

send it down with considerable force to the bridge. The effect there of the angle could readily be inferred. The western bank of the stream at that point had been partially torn away by a previous flood.

Within the ruling in the *Timlin* case, the question of notice was properly given to the jury. The test is quite similar to the rule in actions against municipal corporations for injuries from obstructions in streets not placed there by themselves. (*Pettengill* v. *City of Yonkers*, 116 N. Y. 558.) In such cases, what constitutes a reasonable time which must elapse before the corporation is chargeable with notice, is a question for the jury. (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 143.) Notice may be inferred from the situation and the method of construction. (*Sawyer* v. *Newburyport R. R.*, 157 Mass. 430.)

(2) There is evidence that the flood of June 1, 1889, was unusual and extraordinary. And still there is also evidence that there were floods in 1865, 1878 and in 1885 which in that locality were equal to it or nearly so. A similar question is considered in the case of *Mundy* v. *N. Y., L. E. & W. R. R. Co.*, decided by this court at this term,* in regard to a flood at the same date in a neighboring locality. The conclusion is there reached that it should not be held as matter of law that the flood was so extraordinary that the defendant was relieved from all liability. The cases there cited fully sustain the proposition that, as a general rule, it is a question for the jury whether a flood of an extraordinary character was such that it should have been anticipated and provided against. That rule is applicable to this case.

It follows that the motion for a nonsuit as to the flood of June 1, 1889, upon the ground that the flood was extraordinary was properly denied. The facts as to the flood of June 15, 1889, do not call for any different ruling.

No other question is raised. It follows that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.

* Rep. *ante*, page 479.