**Staunton.**

## CITY OF ROANOKE v. SHULL.

### SEPTEMBER 14, 1899.

Absent, Harrison, J.

1. STREETS AND SIDEWALKS—*Safe Condition—Reasonable Care—Question for Jury—Expert Testimony.*—What is reasonable care on the part of a city in keeping its footways in a reasonably safe condition, is a question for the jury, under all the circumstances of the case, including the age of the party injured in consequence of alleged defects, and cannot be shown by expert testimony.

2. STREETS AND SIDEWALKS—*Safe Condition to City Limits—Mileage of Streets Immaterial.*—The duty of a city to keep its sidewalks in a reasonably safe condition for the use of the public, extends to its territorial limits, and it cannot escape liability by showing that it has laid out more streets and sidewalks than it can keep in a reasonably safe condition. In an action to recover damages for an injury resulting from a failure to keep its sidewalks in a reasonably safe condition, evidence as to the number of miles of streets and sidewalks within the city limits is irrelevant.

3. STREETS AND SIDEWALKS—*Unsafe Condition—Resulting Damages—Contributory Negligence—Infants—Age and Intelligence.*—A city is bound to keep its streets and sidewalks in a reasonably safe condition for the use of the public, and for a failure so to do it is liable for resulting damages to one injured in consequence thereof while exercising such degree of care and caution as, under the circumstances, including age and intelligence, might reasonably be expected. "The public" embraces "all persons."

4. CONTRIBUTORY NEGLIGENCE—*Infants—Presumption—Burden of Proof.*—The law presumes that an infant between seven and fourteen years of age cannot be guilty of contributory negligence, and, in an action by such infant, the burden is on the defendant to overcome this presumption by proof of intelligence and capacity.

5. CONTRIBUTORY NEGLIGENCE—*Infants—Imputed Negligence.*—In an action by an infant to recover damages for personal injuries, the negligence of his parents in permitting him to go unattended into a dangerous place cannot be imputed to the infant.

6. APPEAL AND ERROR—*Verdict—Contrary to Evidence—Excessive.*—This court will not set aside the verdict of a jury on the ground that it is contrary to the evidence and excessive when it can neither say that the verdict was without evidence, nor that the evidence is insufficient to support it.

Error to a judgment of the Circuit Court of the city of Roanoke, rendered December 20, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Moomaw & Wood*, for the plaintiff in error.

*Cocke & Glasgow* and *Alex. J. Brand*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Olive Virginia Shull, an infant between eleven and twelve years of age, by her next friend, instituted this action in the Circuit Court of the city of Roanoke to recover damages for injuries alleged to have been sustained by her in consequence of the negligence of the city of Roanoke, plaintiff in error, in not keeping its streets, footways, etc., in a reasonably safe condition.

After setting out the duties of the defendant, under its charter and the general laws of the State, to keep sound, safe and serviceable for public use and travel, all its pavements, footways, streets, bridges and sidewalks, and particularly the sidewalk or footway on the western side of the bridge across Roanoke river, near the intersection of Virginia avenue and the Riverside boulevard, in said city, in which highway, bridge, footway and

sidewalk there was, and for a long time before, and on the day
and year of the alleged injury, a certain hole or opening by a
plank or board (out of which the footway, sidewalk and bridge
is constructed) removed and missing, of all which the defendant
long before had notice, the declaration alleges that the defend-
ant, well knowing the premises, although bound as aforesaid to
keep said highway in good condition and repair for the use of
the public and the plaintiff, disregarded its duty in the premises,
and did not keep the same in good repair, but wilfully, wrong-
fully, etc., permitted said hole to be and continue, and the same
was then and there so badly, insufficiently and defectively
covered or protected, that by means of the premises, and for the
want of proper covering and protection to said hole or area, the
plaintiff, who was passing in and along said highway, bridge,
footway, street or sidewalk, then and there, necessarily and un-
avoidably fell into and through said hole a great distance, to-wit:
thirty-five feet, to the ground below, and thereby her right leg
was broken, fractured and lacerated in two places, and she was
further injured in her back, spine, shoulders, intestines and
other organs, and became sick, sore, lame, &c., and by means
of the premises the plaintiff was so maimed as to be disabled
for life.

A demurrer to the declaration was overruled, and issue joined
on the plea of not guilty, which was tried, and a verdict rendered
in favor of the plaintiff, assessing her damages at $5,000, and
a judgment having been rendered on the verdict, the case, on a
writ of error, was brought to this court.

The demurrer to the declaration was waived in the oral argu-
ment here, and we will consider the rulings of the court below
at the trial, to which exceptions were taken by the defendant,
and which are relied on here, in their order.

The first is to the refusal of the court to allow defendant's
witness Dyer to answer the question, " Could not a person, exer-
cising ordinary care, have seen the hole in the sidewalk, and

avoided stepping into it? "—counsel for defendant stating that
it was intended by the question to show by the witness, who had
seen the place in the sidewalk complained of, the character and
danger of the defect therein. We are of opinion that the court
did not err in refusing to allow the question to be answered. The
question of what is "ordinary care" was one for the jury to
pass upon under all the circumstances of the case, the age of the
plaintiff being one of the facts to be considered. Expert testi-
mony, which the question was intended to elicit, was not admissi-
ble, and would have been a usurpation of the functions of the
jury.

  · Witness, J. H. Wingate, the city engineer for the city of
Roanoke, was asked by defendant's counsel: " How many miles
of streets has the city? " To this question objection was made, and
the objection sustained, and this action of the court constitutes
defendant's second bill of exceptions. The object of this ques-
tion, counsel for defendant stated, was to show to the jury all
the circumstances that existed when they came to consider what
was a reasonable time to impute notice of the defect complained
of to the city of Roanoke, and also what would be a reasonable ·
time, under all the circumstances, for the city to repair the said
defect after it had notice thereof, actual or imputed. It is diffi-
cult to perceive how any answer to this question could have
affected the responsibility of the city for the injury complained
of. The measure of the city's liability is fixed by law. Its
liability for injuries caused by its negligence in not keeping its
streets and walkways in a reasonably safe condition for use of
the public extends to the limits of the territory embraced in the
charter of the city, and it cannot evade its liability because it
has laid out more streets, sidewalks and footways for the use of
the public than it can keep in a reasonably safe condition. As
counsel for defendant in error well observes, the law requires
that a municipality shall keep its streets, &c., in a certain state
of repair. If it fails so to do, and an accident happens by reason

of its failure to perform its duty, then it is liable for the injury so caused. It will not be permitted to say that it had so much to do it could not perform its whole duty. It was not error to refuse to permit the witness Wingate to answer the question, as any answer thereto would have been irrelevant.

Of the five instructions given to the jury at the instance of the plaintiff, the defendant insists here only upon its exceptions to the first and second. The instructions are as follows:

" 1. The court instructs the jury that the defendant is bound to use reasonable care and precaution to keep and maintain its streets, bridges and sidewalks in good and sufficient repair to render them reasonably safe for all persons passing on or over the same, and if the jury believe from the evidence that the defendant, the city of Roanoke, failed to use all reasonable care and precaution to keep its bridges and sidewalks in such repair, and that the injury complained of resulted from that cause, as charged in the declaration, and that the plaintiff sustained damage thereby, while exercising such a degree of care and caution as under the circumstances might reasonably be expected from one of her age and intelligence, then she is entitled to recover of the defendant in this suit."

" 2. The court further instructs the jury that the conduct of an infant is not of necessity to be judged by the same rules which govern that of an adult; that while it is the general rule in regard to an adult, or grown person, that to entitle him or her to recover damages for an injury resulting from the fault or negligence of another, he or she must have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to its maturity and capacity wholly, and this is to be determined by the circumstances of the case, and the evidence before the jury; and the law presumes that a child between the ages of seven and fourteen years cannot be guilty of contributory negligence, and in order

to establish that a child of such age is capable of contributory negligence, such presumption must be rebutted by evidence and circumstances establishing her maturity and capacity."

The main objection urged to the first instruction is to the use of the words " all persons," where it told the jury what was the duty of the city in keeping its streets, bridges and sidewalks in order. It is contended that the instruction, especially in the use of the words " all persons," misled or may have misled the jury to an erroneous conclusion with reference to the duty of the city in keeping its streets, &c., in order. Had these words been omitted from the instruction, or the words " the public " been used in lieu thereof, the meaning of the instruction would have been the same. That the city was bound to keep its streets, bridges and walkways in a reasonably safe condition for the use of the public is not, nor can it be, controverted. The instruction was entirely applicable to the case, and told the jury, in effect, that if the city failed to use reasonable care in keeping its bridge and sidewalk over which the plaintiff was passing when injured in repair, and the accident resulted from that cause, and the plaintiff sustained damage therefrom, while exercising such degree of care and caution as under the circumstances might reasonably be expected from one of her age and intelligence, then she was entitled to recover in this action. This is the law, for which no citation of authority is needed.

The only objection urged to plaintiff's second instruction is with reference to that portion of it which tells the jury that the law presumes that a person between seven and fourteen years of age cannot be guilty of contributory negligence, and that in order to establish that a child of such age is capable of contributory negligence, such presumption must be rebutted by evidence, and circumstances establishing her maturity and capacity.

This instruction propounded the law as laid down by this

court in the case of *Trumbo's Adm'r* v. *City Street Car Co.*, 89 Va. 782, citing numerous authorities to sustain it. See, also, *N. & W. R. Co.* v. *Groseclose*, 88 Va. 267; and *Washington, &c. R. Co.* v. *Quayle*, 95 Va. 741.

We are of opinion, therefore, that the court below did not err in giving either of the plaintiff's instructions complained of.

The next assignment of error is to the refusal of the court to give defendant's instruction No. 3, which is as follows:

" The court instructs the jury that if they believe from the evidence that the sidewalk on the bridge, where the injury complained of by the plaintiff was sustained, was in a reasonably safe condition for a person of ordinary caution and prudence to have passed over, in the ordinary mode of travel at the time the plaintiff sustained the injury complained of, and that, by reason of her age and want of capacity, the plaintiff could not exercise ordinary caution and prudence to avoid accident on the streets, sidewalks and bridges of the city of Roanoke, and that the accident would not have occurred but for such incapacity, and that the parents of the plaintiff permitted her to go upon the sidewalk on said bridge without being accompanied by a person of ordinary caution and prudence to care for and protect her from danger, that the accident causing the injury was the result of the negligence of the parents of the plaintiff, and not the negligence of the city of Roanoke, then they must find for the defendant."

This instruction was plainly erroneous, and was rightly refused. It sought to have the court tell the jury that if the parents of the plaintiff were negligent in allowing her to go upon the bridge or sidewalk, where she was injured, such negligence of her parents was to be imputed to her. This court said, in *N. & W. R. Co.* v. *Groseclose*, *supra*, that this doctrine had been repudiated in this State, as in many other States of the Union,

and the contrary doctrine established, and cites a long line of authorities in support of that view of the law, among which is *Ormby's Case,* 27 Gratt. 455. In that case, an instruction, just the reverse of the defendant's instruction No. 3 asked in this case, was sanctioned and approved by the court. In that case the plaintiff was only two years and ten months old, and the instruction referred to told the jury that although they believed that the parents of the child did not exercise ordinary care in allowing their child to be on the street without an attendant, yet the defendant was liable; it being an action brought by the child, it was his cause of action, and he was not responsible for the negligence of his parents.

The court in the eleven instructions given at the defendant's instance, and two given *ex mero motu,* covered every phase of the law applicable to the case that the defendant could reasonably have asked. It gave all that were asked by the defendant except one, and without amendment except three, and no valid objection is urged here against the amendment of these.

The remaining assignments of error requiring our consideration, which may be considered together, are to the refusal of the court to set aside the verdict of the jury, and grant the defendant a new trial, on the ground that the verdict is excessive, and contrary to the law and the evidence. As the case was fairly submitted to the jury, but little need be said upon these assignments of error.

That the bridge through which the plaintiff fell was, at the time of the accident, and had been for a long while before, in a very bad condition, is clearly proven, and not seriously controverted. At the point of the accident, there was a hole in the sidewalk or footway one foot wide and five feet long, divided into three sections twelve inches wide by twenty inches long, by four sills, to allow for the projection of the planks on either side of the bridge, the depth to the ground beneath being thirty-five feet. That this hole had been there for more than a month

Opinion.

prior to the accident, is the uncontradicted proof (some of the witnesses say much longer), and that the city had notice of the condition of the bridge, and of the existence of the hole through which this unfortunate child fell, while passing over the bridge with her younger brother to the opposite side of the river, is not left in doubt by the evidence. Her injuries are shown to be of a permanent and grievous character. The breaking of her leg near the thigh in two places has shortened the limb an inch and a quarter or more, attended with the wasting away of the limb. There was a total paralysis of her lower limbs for several weeks, and a partial paralysis of those limbs and her lower organs, impairing her bodily functions, continuing when the trial was had, nearly six months after her injury, and there had been no improvement in her condition during the three months previous to the trial, as testified to by her attending physician. He was asked on the witness stand as to her prospects of recovery from this paralysis, and replied, " Not very bright."

The case is clearly one in which we can neither say that the verdict is without evidence to sustain it, nor that the evidence is insufficient to support the verdict; therefore the judgment complained of must be affirmed.

*Affirmed.*