# Wytheville.

## City of Danville v. Robinson.

### June 20, 1901.

1. Municipal Corporations—*Defective Sidewalks—Notice—Suit by Councilman.*—The fact of being a member of a city council does not *per se* charge the councilman with notice of defects in the sidewalks of the city, nor debar him from recovering damages occasioned by its neglect to repair its sidewalks.

2. Contributory Negligence—*Question for Jury—Effect of Verdict.*—Whether a plaintiff has been guilty of contributory negligence is a question for the jury under proper instructions from the court, and their finding will not be disturbed where the evidence is such that reasonable men might fairly differ as to whether there was such negligence or not.

3. Municipal Corporations—*Defective Highways—Use by Public—Dangers not Obvious.*—Travellers are not forbidden by law to use a public highway known by them to be unsafe, unless the unsafe condition is such as to make the danger obvious and imminent.

Error to a judgment of the Corporation Court of the city of Danville, rendered January 12, 1900, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

After all the evidence had been introduced, the plaintiff in the trial court offered the following instructions, which were given over the objection of the defendant:

1. "The jury is instructed that it is the duty of the defendant, the city of Danville, to keep its streets, highways, and bridges

built and constructed as a part of its highways and streets, in a reasonably safe and secure condition for travellers passing over and along the same, and that if they believe from the evidence in this cause, that the bridge upon which the plaintiff alleges he received the injuries complained of constituted a part of the highways and streets of the defendant, the city of Danville, and that the said defendant, at and before the time of the injuries to the plaintiff complained of in this action, had permitted the sidewalks of said bridge to become and fall into a condition which rendered them not reasonably safe and secure for travellers passing over and across the same, and to so remain after notice thereof, and that the plaintiff passing over and along one of the sidewalks of said bridge, exercising reasonable and ordinary care in doing so, sustained the injuries complained of in this action, by reason of said sidewalk of said bridge not being in a reasonably safe and secure condition for the passage of travellers over and across the same; that then the plaintiff is entitled to recover in this action, damages for such injuries as he shall show by the evidence in this cause he has sustained, not exceeding in amount the sum of $10,000, and they must so find."

3. " The jury is further instructed that, if they find for the plaintiff, in estimating his damages they may take into consideration any bodily injuries he may have sustained by reason of the accident complained of, any physical pain he may have suffered thereby, any loss sustained by him by reason of disability to attend to his ordinary business and affairs by reason of said accident; also any expenses for medical treatment, medicines, &c., made necessary by the injuries complained of in this action, and assess his damages at such a sum as they may think just and proper, under the evidence in the cause, not exceeding the sum of $10,000, claimed in the declaration."

4. "The court further instructs the jury that the mere fact of the plaintiff being a member of the council of the city of Dan-

ville at the time he received the injuries complained of, does not prevent his right to recover in this cause."

5. "The court further instructs the jury that knowledge of the fact that the bridge was in unsound condition does not preclude the plaintiff from recovery, provided they shall believe from the evidence in the cause that the city of Danville, notwithstanding the known condition of the bridge to it, kept it open or permitted it to remain open and be used as a public highway, and provided, further, that the plaintiff having such knowledge, used reasonable care in passing along the highway to avoid injury in consequence thereof."

Thereupon the defendant asked for five instructions, to the giving of which the plaintiff objected, but the court overruled his objection to the first four, and sustained it as to the fifth. The instructions tendered by the defendant were as follows:

## *Defendant's Instructions.*

1. "The court instructs the jury that if they shall believe from the evidence that the plaintiff in this action failed to exercise such care as an ordinary prudent person may reasonably be expected to exercise under similar circumstances in protecting himself against the injury complained of, and thereby contributed to cause said injury, they should find for the defendant."

2. "The court instructs the jury that if they shall believe from the evidence that the plaintiff knew that the sidewalks of the iron bridge were out of repair, unsafe, and dangerous, and voluntarily went upon one of the sidewalks, when he might have safely crossed the bridge by going in the wagonway, then he is not entitled to recover in this action, and they must find for the defendant."

3. "The court instructs the jury that if they shall believe from the evidence that the plaintiff was, before and at the time

of the injury complained of, a member of the Council of the city
of Danville, and as such and by virtue of his official relations to
the city, received and had notice and knowledge that the side-
walks of the iron bridge in question were in a decayed, defective,
and dangerous condition, then such notice and knowledge, so had
and received by him, as councilman, is by law imputed to him in
his private capacity, and such notice affects him in the same man-
ner and to the same extent as if received by him personally and
individually."

4. "The court instructs the jury that although they may be-
lieve from the evidence that the plaintiff had at the time of the
accident no actual notice or knowledge of the unsafe and danger-
ous condition of the sidewalks of the iron bridge, yet if they shall
further believe from the evidence that plaintiff was a member
of the Council of the city of Danville from July, 1896, to the
time of the accident, and that during the period aforesaid the
said unsafe and dangerous condition was repeatedly reported,
called up and discussed in said Council, so that every councilman
attending regularly the meetings of said Council, had full op-
portunity of being informed as to the unsafe and dangerous con-
dition of said sidewalks, and that the said plaintiff, in disregard
of his duties as councilman, negligently failed and neglected to
regularly attend the meetings of said Council, and by such neg-
ligence and disregard of his duty failed to get and receive notice
and knowledge of said unsafe and dangerous condition of said
sidewalks, then plaintiff is chargeable with notice and knowledge
of the unsafe and dangerous condition of said sidewalks, as if he
had actual notice or knowledge thereof."

5. "The court instructs the jury that if they shall believe from
the evidence that the plaintiff was elected and duly qualified as
a member of the Council of the city of Danville in May and
July, respectively, of the year 1896, and remained a member of

said Council from July, 1896, continuously until the happening of the accident complained of in September, 1898, then said plaintiff, together with the other members of said Council, in their official capacity, as councilmen, were charged by the charter of said city and the law with the duty of supervising and keeping in a reasonably safe condition of repair the streets and bridges of said city, including the sidewalks to the iron bridge, on which the accident complained of occurred, and it thereupon became the duty of said Council to provide with all proper and necessary care for the safety and protection of all persons lawfully and rightfully passing along said streets and bridges in said city by keeping the same in ordinarily and reasonably safe, sound, and suitable condition, and if the jury shall further believe from the evidence that the said plaintiff, together with the other councilmen, failed to exercise ordinary care and diligence during said period to keep the sidewalks of said bridge in safe, sound, and suitable condition, and neglected their duties in this regard so that the accident complained of happened, then said plaintiff is not entitled to recover in this action, and the jury must find for the defendant."

*Henry R. Miller,* for the plaintiff in error.

*Peatross & Harris* and *Christian & Christian,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a suit brought in the Corporation Court of the city of Danville by J. D. Robinson, to recover damages for injuries to him, caused, as is alleged, by the negligence of the city in not keeping its streets, walkways, &c., in a reasonably safe condition, and the verdict and judgment is for the plaintiff for the sum of $1,500, to which judgment the defendant city was awarded a writ of error by this court.

Forming a part of Main street, the most public thoroughfare

through the city of Danville, in almost continuous use day and night, is an iron bridge, spanning Dan river. The parts of the city lying on either side of the river are connected by this bridge, which is about 840 feet long, and as a highway across the river consists of a wagon or carriageway twenty-two feet wide, with a sidewalk five feet wide, for the use of pedestrians, on each side of the wagonway. The floors of the wagonway and of the sidewalks, and the sills on which they rest, are of wood, the rest of the bridge is of iron and stone. There is no partition separating the wagonway from the sidewalks on either side, except the iron uprights of the frame work of the superstructure of the bridge. On the occasion of the injuries for which this suit is brought, the defendant in error (plaintiff below), about 9 o'clock at night, was going from that portion of the city lying on the south of the river to his home on the north side. He entered upon the bridge on the east or right side thereof, and walked in the wagonway, because better lighted, as he says, till about two-thirds of the way across, when he discovered that a carriage following was gaining on him, and a wagon going in an opposite direction travelling on the west side of the bridge was approaching; whereupon, and just as the wagon passed him, he stepped upon the sidewalk to his right, and after walking thereon a distance of some fifty or more feet, one of the planks of the sidewalk gave way or turned, letting his foot through the floor, and throwing him down, breaking his leg, and causing him other injuries.

Plaintiff in error, the city of Danville, had exclusive control of the bridge. It was wholly within the corporate limits of the city, and by its charter the city was charged with the duty of keeping the bridge in repair, and in a reasonably safe condition for the use of persons travelling over it.

August 25, 1896, the committee selected by the city's council and known as the Street and Bridge Committee, reported to the Council that the sidewalks on the bridge were in an unsafe con-

dition, and recommended that the committee be authorized to expend $1,550 in repairing them. With this report was filed a report of the city's engineer, to the effect that while the sidewalks of the bridge were not then dangerous, it was unsafe to allow them to be continued in use through the winter without renewal. Under the rules of the Council, the report of the committee had to lie over ten days, and no action was taken thereon till December 14, 1896, when it was recommitted to the committee for further investigation, with the view of having the the repairs to the sidewalks of the bridge done at less expense than was proposed by the committee. At a meeting of the Council January 12, 1897, the committee again reported that the costs of the repairs to the sidewalks could not be reduced below the estimate in their former report, specifying the unsoundness of the sills on and along which the handrailing runs as being the special cause of danger. It was then provided . that $20 or $25 be expended to put up an inner railing along the sidewalks to prevent persons from coming in contact with the outer iron railing, and thus relieve the situation. This was done, and at intervals between that time and September, 1898, when defendant in error received his injuries, the decayed planks on the sidewalks at different places were taken out, and new planks put in their place, but the sills upon which they rested were not renewed, although the Council were informed by its Street and Bridge Committee, and by the city's engineer, in 1896, that they were rotten, and in an unsafe condition, which was not an open and obvious danger to pedestrians crossing the bridge. It appears that the immediate cause of the injuries sustained by defendant in error was the decayed condition of the sills under the sidewalks of the bridge, as the plank which gave way and let him through the floor would not have done so had not the sill to which the opposite end was nailed been so decayed that it would not hold the nails.

Defendant in error was a member of the City Council from

July, 1896, till after this accident to him, but was at none of the meetings of the Council at which the matter of the repairs to the sidewalks of the bridge was brought to the attention of the Council, except that of August 25, 1896, when the report of the Street and Bridge Committee was filed, and went over under the rules, and he was at no time a member of that committee, nor had any duties to perform as a member of the Council which brought to his special attention the condition of the streets and bridges of the city.

It is contended that defendant in error cannot in any event be allowed to recover in this action, first, because he was a member of the Council from the time that the defects in the sidewalks of the bridge were first brought to the notice of the Council till after the accident to him; and second, because a councilman is not allowed to contract with his city, such contracts being under the charter of the city, and the general law of the State, void.

The authorities cited in support of this second proposition have no sort of application to this case, and those relied on to support the first do not sustain the contention. They are *Todd* v. *Rowley*, 8 Allen 51; *Wood* v. *Waterville*, 4 Mass. 422; and the same case in 5 Mass. 294. The last two named only hold that a surveyor of highways may recover against his town damages happening to him through a defect in the highway, unless the defect arises from the surveyor's own neglect. In other words, that when a surveyor of highways, obliged by law effectually to repair the ways within his district, and who has the means with which to do so placed at his disposal, or can obtain such means by applying to his town authorities, sustains an injury by reason of his neglect of duty in these respects, he cannot recover in damages.

In *Todd* v. *Rowley, supra*, it was held that a city, whose officers, in repairing a bridge, though acting in the honest exercise of their discretion, narrow the space for the passage of the water, so as in times of freshet to set it back upon a mill, is liable for the injury thus occasioned, in an action of tort, even if the owner of

the mill was a member of the committee of the City Council on whose report the alteration was made. The opinion by Shaw, C. J. says: That for the fault in adopting a plan for the bridge not contrived with sufficient skill and with a proper regard to the volume of water, the strength and rapidity of the current at all seasons, and the capacity of the waterways to discharge it, members of the committee cannot be held personally estopped from asserting their rights.

There is nothing in the relation that defendant in error bore to the city government of Danville, when he sustained the injuries complained of, that makes the principle enunciated in *Wood* v. *Waterville, supra,* applicable in this case. He was not charged with the duty and given the means and power to repair or renew the sidewalks of the bridge in question and neglected it. He was not even a member of the Street and Bridge Committee of the Council, which had special supervision of the streets and bridges of the city, but only one of seventeen members of the Council.

Whether or not defendant in error was guilty of negligence contributory to his injury, was a question for the jury under proper instructions of the court.

The court gave five instructions offered by defendant in error, to all of which plaintiff in error excepted, and gave four out of five instructions asked for by plaintiff in error.

The instructions given by the court correctly propound the law as to the liability of the city to persons lawfully using bridges constructed as a part of its highways or streets for injuries caused by the negligence of the city in keeping them in a reasonably safe condition, and as to the right of the defendant in error to recover provided he was exercising reasonable and ordinary care for his own safety in passing over and along the sidewalk of the bridge when he was injured.

It was in evidence that defendant in error in 1869 broke the leg that was injured by the accident complained of in this suit,

and it is argued that defendant in error's third instruction is erroneous, because it fails to direct the attention of the jury to a proper discrimination between the injuries arising out of the two accidents, and to the necessity of excluding from the estimate of damages the injuries to the leg resulting from the first accident.

The instruction is not amenable to that objection. It properly directed the jury as to the damages they might allow under the evidence in the cause, and they could not have done otherwise than consider all the evidence before them as to the damages sustained by defendant in error resulting from the injuries for which this suit was brought.

The objection urged as to the fourth instruction for defendant in error proceeds upon the erroneous theory that he was by reason of his being a member of the City Council, to be held, as a matter of law, to have had notice of the defective condition of the sidewalks of the bridge, and therefore could not recover in this action.

Travellers are not forbidden by the law to use a public highway because its condition is unsafe, although that be known to them, unless the unsafe condition is such as to make the danger obvious and imminent. *Gordon* v. *City of Richmond,* 83 Va. 436, and authorities there cited.

The fifth instruction asked for by plaintiff in error and refused by the court sought to tell the jury, in effect, that because the defendant in error was a member of the City Council from the time the defect in the sidewalks of the bridge were first brought to the notice of the Council till after this accident, no cause of action accrued to him.

It follows, from what has already been said, that this instruction was properly refused.

We are further of opinion that the instructions given by the court fully and fairly submitted the case to the jury, and could not have misled them to the prejudice of the plaintiff in error.

In considering the remaining assignment of error, which is to the refusal of the court to set aside the verdict of the jury and grant a new trial, the full statement of the case already made renders it unnecessary for us to go fully into the evidence.

No evidence was offered to show negligence on the part of the defendant in error touching the matter of repairing the sidewalks of the bridge. It is shown that when he was absent from the meetings of the Council it was because of his being so situated that he could not attend. It is conceded that the sidewalks of the bridge were in August, 1896, in an unsafe and dangerous condition, and so remained until after the happening of this accident, with the full knowledge on the part of the officials of the city, whose duty it was to see to their repair or renewal. It is clearly shown that the danger to pedestrians passing over the sidewalks of the bridge was not by reason of the condition of the planks thereon, but by reason of the decayed condition of the sills upon which they rested, which defect was not open and obvious to pedestrians using the sidewalks.

The only negligence on the part of the defendant in error, at the time of his accident, contended for is his being in the wagon-way, and going upon the sidewalk, when, by remaining in the wagonway, he could have passed over the bridge safely. His uncontradicted statement is that he was walking in the wagon-way because it was better lighted, and only left it to go upon the sidewalk because of the near approach of a carriage in his rear; that as he had noticed new planks put at a number of places in the sidewalks and other repairs to them, he supposed them to have been put in a safe condition for use by the public, and that he was walking at a moderate gait, exercising ordinary and reasonable care, when he was injured.

Conceding that it would have been safer for defendant in error to have continued upon the wagonway, whether or not he was, by leaving it and going upon the sidewalk, guilty of contributory negligence, as the proximate cause of his injury, was a

question for the jury to determine from all the facts and circumstances of the particular occasion. *Kane* v. *Railroad Co.*, 128 U. S. 91; *Jones* v. *Railroad Co.*, 128 U. S. 443.

The state of facts presented by the evidence is, at least, such that reasonable men may fairly differ upon the question as to whether there was negligence or not, and this being the case, the determination of the matter by the jury should not be disturbed. *Grand T. R. Co.* v. *Ives*, 144 U. S. 419; *Kimball & Fink, Receivers,* v. *Friend's Adm'r*, 95 Va. 125.

The judgment complained of must be affirmed.

*Affirmed.*