## Wytheville.

### CITY OF RICHMOND v. PEMBERTON.

#### June 11, 1908.

1. MUNICIPAL CORPORATIONS—*Sidewalks—Obstructions—Evidence to Support Verdict.*—It is the duty of a municipal corporation to keep its sidewalks in a reasonably safe condition for pedestrians throughout their entire width, and pedestrians using such walks are not required to keep their eyes on the walks at all times, but only to exercise ordinary care for their own safety. Whether or not a granite spall placed near the inside of a sidewalk, to mark intersecting streets, but projecting from four to six inches above the level of a pavement, constitutes an obstruction of a sidewalk when there is an abundance of unobstructed space left for the use of pedestrians, is properly a question for the jury whose verdict will not be disturbed when there is evidence sufficient to sustain their finding.

2. VERDICTS—*Evidence to Support—Municipal Corporations.*—Where the questions of negligence of a city in not maintaining its walkways in a reasonably safe condition, and the contributory negligence of a pedestrian in the use of such walkways have been properly left to the jury, and there is evidence tending to support their verdict, it cannot be set aside.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following instructions were given by the court:

1 A. "The court instructs the jury, that it was the duty of the city of Richmond to keep the sidewalk in question in a reasonably safe condition for pedestrians throughout its entire width, but reasonably safe condition does not mean an absolutely safe

condition, nor does it mean that the entire sidewalk shall be smooth and even for its entire width, nor that it shall be entirely free from obstructions, but only that it shall be in a reasonably safe condition its entire width, and that the plaintiff had a right to assume that the street in question was in a reasonably safe condition, and she was not required to keep her eyes on the pavement at every moment, but only to exercise such reasonable care in looking as a person of ordinary care would exercise in using the sidewalk of a city street. The measure of the plaintiff's duty in the premises was to use such care as a reasonably prudent person of her age and experience would ordinarily exercise under the circumstances."

2 B. "The court instructs the jury, that if they believe from the evidence that the projecting stone rendered the sidewalk in question not reasonably safe and secure for pedestrians passing around the corner of 25th and O streets, and that by reason thereof the plaintiff while turning said corner, and in the exercise of ordinary care on her part, fell over said stone and was injured, then they should find for the plaintiff."

3 C. "The court instructs the jury, that if they find for the plaintiff in estimating her damages they may take into consideration any bodily injuries she may have sustained by reason of the accident complained of, any physical pain she may have suffered thereby, any loss sustained by her by reason of disability to attend to her ordinary business and affairs by reason of said accident, also any impairment of her physical health or eyesight or nervous condition and earning capacity by reason of said accident, and assess her damages at such a sum as they may think just and proper under the evidence in this case, not exceeding the sum of five thousand dollars."

D. "The court instructs the jury, that a municipal corporation is not an insurer against accidents upon its streets and sidewalks, nor is every defect therein, though it may cause injury, actionable. It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, by night

as well as by day, and it is only the duty of a municipal corporation to use reasonable care to keep its streets in a safe condition for pedestrians."

E. "While it is undoubtedly true that pedestrians using the sidewalk have a right to assume that all parts of it are in a reasonably safe condition for the purposes for which it was intended, yet the law exacts of all persons in using public streets to look where they are going, and the plaintiff in this case was bound to exercise reasonable care in passing along the sidewalk, and if they, the jury, believe from the evidence that she did not exercise such care, and that by the exercise of reasonable care in walking along the sidewalk, she would not have come in contact with the corner stone, then she was guilty of contributory negligence, and is not entitled to recover in this case, and they, the jury, should find for the defendant." ·

F. "The court instructs the jury, that the burden of proof is upon the plaintiff to show that the injury was caused by the negligence of the defendant, the city of Richmond. The jury cannot presume that the defendant was negligent because of an accident and because an injury has been sustained by the plaintiff. Negligence ·on the part of the defendant must be proved by affirmative evidence, which must show more than a probability of the negligent act. A verdict cannot be founded upon mere conjecture. There must be affirmative and preponderating proof of such negligence."

G. "The court instructs the jury, that the burden of proving the defendant guilty of negligence rests upon the plaintiff, and if the defendant seeks to relieve itself of liability by reason of the plaintiff having been guilty of contributory negligence, the burden of proving such contributory negligence rests upon the defendant, unless such contributory negligence be disclosed by the plaintiff's evidence or can be fairly inferred from all the circumstances of the case."

*H. R. Pollard,* for the plaintiff in error.

*Smith, Moncure & Gordon,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

Defendant in error, plaintiff below, Mrs. Willie C. Pemberton, brought this action and recovered a verdict and judgment against plaintiff in error, defendant below, for $2,800, as damages for injuries alleged to have been sustained by reason of the negligence of the city in not having one of its sidewalks in a reasonably safe condition for the use of pedestrians.

The plaintiff, a lady fifty odd years of age, engaged in music-teaching for her support and maintenance, lived at No. 809 North 26th street, in the city of Richmond, and on the evening of February 10, 1906, about eight o'clock, left her home, walking around the southeast corner of 25th and O streets, going to the house of Mr. Hillard, who lived on 25th street, four doors south of O street. She walked along the south side of O street next to the house abutting on the line of that street, and in turning the corner to the sidewalk on 25th street, she stumbled and fell over a projecting granite stone or spall, which the city had placed and permitted to remain there, receiving the injuries of which she complains. She had not passed that way before, and, therefore, knew nothing of this stone, projecting from four to six inches above the level of the pavement, to mark the lines of the streets at that corner. The house at the corner in question sets back about twelve inches from the line of 25th street, and is built out to the line of O street, fronting on 25th street. O street, is paved up to the house, but the space between the street line and the house on 25th street is not paved. The projecting granite block or spall, the dimensions of which were 5x6 inches, and about 18 inches in length, was placed vertically in the ground, but, as stated, projected from 4 to 6 inches above the pavement, occupying a space of 6 inches in the sidewalk, leaving the paved sidewalk at that point a width of 9 feet 3 inches, unobstructed. At the intersection of 25th and O streets, there

was an electric light pole, located on the corner of the sidewalk next to the road-bed of the street, the light from which, the city contends, was sufficient to disclose any obstructions in the sidewalk, which was in perfect condition.

We are asked to reverse the judgment of the lower court, and award a new trial, because of misdirection of the jury and the insufficiency of the evidence to warrant their verdict.

The first assignment of error is the refusal of the court to instruct the jury, that the city "had the right to place and maintain the granite block or stone at the corner of 25th and O streets for the purpose of marking the street lines, and that by placing said stone and allowing it to remain, occupying as it did a space of six inches on the sidewalk next to the property line on the south side of O street, there being left an unobstructed space on said sidewalk, for the use of pedestrians, between said corner stone and an electric light pole, shown to have been located on the corner of the sidewalk, of 9 feet 3 inches, which the uncontradicted evidence shows was sufficient for the use of pedestrians passing at the point, was not guilty of negligence, and they, the jury, should find a verdict for the defendant."

The second error assigned is the refusal of an instruction which presented the same idea as the one just set out in full, with the addition of leaving it to the jury to determine, not whether the street itself throughout its entire width was in a reasonably safe condition, but whether the unobstructed part of the street was reasonably sufficient for the use of pedestrians.

These assignments of error are properly to be considered together. In asking the instructions mentioned, the learned counsel for the city overlooked the fact that the point at issue in the case was the condition of the street where the obstruction existed, not its condition where there was no obstruction. The minds of the jury could not properly have been specially directed to an inquiry as to the condition of the 9 feet 3 inches,

of the sidewalk and its sufficiency for the use of pedestrians, to the exclusion of the six inches of walkway where the stone was projecting.

The city's charter—Richmond City Code, 1899, p. 18—gives the city the power, among others, "to close or extend, widen or narrow, lay out and graduate, pave and otherwise improve streets  *  *  and have them properly lighted and kept in good order."

As to the difference between the governmental and ministerial duties of municipal corporations, there is a discussion in the opinion by Riely, J., in *Jones* v. *Williamsburg,* 97 Va. 722, 34 S. E. 883, 47 L. R. A. 294, where it is said: "The condition of the street or walk, however, is one thing, and the manner of its use by the public is quite a different thing. For its safe condition, the city is responsible; for its unlawful or improper use it is not."

In other words, "The manner in which a highway of a city is used is a very different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition is a corporate duty, and for a breach of such duty an action will lie." *City of Lafayette* v. *Timberlake,* 88 Ind. 330.

In *Blyhl* v. *Waterville,* 57 Minn. 115, 58 N. W. 817, 47 Am. St. Rep. 596, this subject is discussed, and it was there held, that a municipal corporation is liable for an injury caused by an unsafe condition of a sidewalk, although the defect existed in a plan adopted by it for constructing the sidewalk. See *Sawyer* v. *Newburyport,* 157 Mass. 430, 32 N. E. 653; Shear. & Red. on Neg. (5th ed.) 272.

In the argument of this case, the right of the city properly to mark its street lines with corner stones is not denied, but the right of the city to place and leave these stones in such a position and condition as to keep the street from being reasonably safe for travel is most earnestly controverted.

In *Richmond City* v. *Smith,* 101 Va. 161, 43 S. E. 345, it

is said: "The public is entitled to the full and free use of all the territory embraced within a highway in its full length and breadth, not only for public travel, but also for all the purposes legitimately incident thereto * * * and it is no defense that the encroachment is really for the benefit of the public." 1 Wood on Nuisances, sec. 250. The same case quotes from Elliott on Roads & Streets, sec. 345, as refuting the doctrine that a portion of the highway may be lawfully obstructed, if space is left for the passage of the public.

Dillon on Mun. Corp., dealing with the same subject, cites in a note to section 1003, *Hewison* v. *New Haven,* 34 Conn. 136, 91 Am. Dec. 718, where is found this definition: "Any object in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling therein, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway."

The case of *Sawyer* v. *Newburyport, supra,* is in point. The syllabus of that case is all that need be quoted, and is as follows:

"In an action for personal injuries, the plaintiff contended that, in attempting to cross a street in the defendant city, she struck her heel against the first crossing stone; that it was higher than the edgestone of the sidewalk; that the grade was descending, and that there was a defect for which the city was responsible. There was evidence tending to show that the crossing stone was higher than the edgestone, and that, as a piece of original construction, it should be put upon a level. By request of the defendant, the jury were allowed to take a view of the premises. *Held,* that the plaintiff was entitled to have the jury pass upon the question whether there was an actionable defect."

That case is in harmony with the preceding cases decided by the court of Massachusetts, including *Loan* v. *Boston,* 106 Mass. 450, in which an iron box, four inches square, constitut-

ing part of the usual apparatus for distributing gas, was set into a sidewalk in the city, a few inches from the curbstone, and only one or two feet distant from the junction of a cross-way with the sidewalk, and so set that its rim projected an inch above the level of the sidewalk, and was left uncovered and "empty to the depth of three inches: *Held,* that the question whether the box was a defect in the street was properly left to the jury, for the court could not see, from the description which the report contained of the box and its position, that travelers using due care would not be exposed to injury by stepping against it or into it; that the jury properly found that it was a defect, and the gas company having placed it there for their own purposes exclusively, and the city authorities having suffered it to remain in that condition for more than twenty-four hours, the city was liable. Citing *Murrill* v. *Wilbraham,* 11 Gray 154.

Instruction E, given at the request of the defendant, recognizes the doctrine upheld by the authorities which we have cited, and, therefore, was in conflict with the theory presented in the two instructions which were refused, and for this additional reason they were properly refused.

We are further of opinion that there is no merit in the remaining assignment of error, which is the refusal of the court to set aside the verdict of the jury and award the defendant a new trial.

"What is reasonable care on the part of a city in keeping its footways in a reasonably safe condition, is a question for the jury, under all the circumstances of the case, including the age of the party injured in consequence of alleged defects, and cannot be shown by expert testimony." And, "Whether a plaintiff has been guilty of contributory negligence, is a question for the jury under proper instructions from the court, and their finding will not be disturbed where the evidence is such that reasonable men might fairly differ as to whether there was such negligence or not." *Roanoke v. Shull,* 97 Va. 419, 34

S. E. 34, 75 Am. St. Rep. 791; *Danville* v. *Robinson*, 99 Va. 448, 39 S. E. 122, 55 L. R. A. 162; *Morien* v. *Norfolk & A. T. Co.*, 102 Va. 622, 46 S. E. 907, and authorities cited.

The instructions given by the court, to only two of which—"1A" and "2B"—the defendant excepted, and all of which, with the exception of "3C" relating to the measure of damages, are set out in the reporter's statement, fully and fairly submitted to the jury the questions of negligence of the defendant and contributory negligence of the plaintiff.

The evidence tended to prove that the projecting granite stone or spall in the sidewalk at the corner of 25th and O streets, over which the plaintiff fell and received painful and serious injuries, some of which are of a permanent character, was a dangerous obstruction in the sidewalk; and that the city had known of this dangerous condition ever since the house on the abutting lot was built and the sidewalk paved, nearly ten years prior to the accident to the plaintiff. Bolton, the assistant city engineer, examined as a witness for the defendant, testified that a great many of the corner stones to mark the lines of the street were laid on the grade of the sidewalk, and that there were no peculiar conditions at the corner of 25th and O streets requiring the stone to project as it did above the grade of the street.

Clearly, the evidence was sufficient to sustain the finding of the jury, that it was negligence in the defendant to leave the stone in question projecting above the level of the sidewalk for an unreasonable length of time, with knowledge that it was a dangerous obstruction in the sidewalk, and likely to cause injury to pedestrians passing thereon. While there is a difference of opinion, only, in the evidence given by the witnesses as to whether the plaintiff might have, or might not have avoided the injury by more care than she exercised on the occasion of her accident, we would not, upon the whole evidence, be justified in holding it plainly insufficient to warrant the jury in finding that she was not guilty of contributory negligence.

"Where the question of negligence of the defendant and contributory negligence of the plaintiff have been properly left to the jury, and there is evidence tending to support the verdict, it cannot be set aside." *N. & W. Ry. Co.* v. *Carr,* 106 Va. 508, 56 S. E. 276.

The judgment complained of is affirmed.

*Affirmed.*