## CIRCUIT COURT OF THE CITY OF RICHMOND

Carrie B. Neal

  v.

City of Richmond

February 25, 1983

Case No. LF-650

By JUDGE WILLARD I. WALKER

This case is before the court upon the defendant's motion for summary judgment under Rule 3:18. The motion is made on the ground that the plaintiff's pleadings show, as a matter of law, that she was guilty of contributory negligence. The only facts available to the court are those which appear in the plaintiff's motion for judgment. A review of these is necessary.

Plaintiff alleges that the sidewalk directly in front of her home contained a dangerous defect; that she had given notice to the defendant of the dangerous condition in reports and a letter dated August 4, 1981; that the defendant had a duty to correct the defect or to erect barriers or signs to warn the public of the condition; that no steps were taken by defendant to remedy the condition; that plaintiff, in an attempt to enter her residence, walked upon the condition; that she exercised due care for her safety in walking upon the condition; that she slipped and fell on the condition. Plaintiff asserts that the condition of the sidewalk was the proximate cause of injuries suffered from the fall sustained on September 13, 1981.

The defendant maintains that the plaintiff's knowledge of the condition, as evidenced by her letter

to the defendant, and her travel upon the condition, as evidenced by her pleadings, make her guilty of contributory negligence as a matter of law. Although the pleadings do indicate that plaintiff knew of the condition and travelled thereon, it is still an issue of fact as to whether such knowledge and actions on plaintiff's part constitute contributory negligence.

Summary judgment should be rendered only when there is no material fact genuinely in dispute. Rule 3:18, Rules of the Supreme Court of Virginia. The court must take the view most favorable to the plaintiff, giving her the benefit of all favorable inferences that may be reasonable and resolving any doubt as to the existence of a genuine issue against the moving party.

The question of plaintiff's ordinary care is clearly in dispute. The plaintiff has the presumption of ordinary care in her favor. The defendant must show contributory negligence unless it is disclosed by the plaintiff's evidence. Plaintiff asserts that she was exercising due care, whereas defendant claims her "obvious inattention" led to the accident (page 3 of defendant's memorandum of law). Inattention and loss of memory alone are not enough to be considered contributory negligence if, under the circumstances, it is legally excusable. *City of Charlottesville* v. *Jones*, 123 Va. 682, 709, 97 S.E. 316, 324 (1918). A jury should decide what is excusable under the facts and circumstances of this particular case.

It is necessary to know all of the facts and circumstances of the incident in order to determine whether the plaintiff exercised due care for her own safety. *City of Danville* v. *Robinson*, 99 Va. 448, 459, 39 S.E. 122, 125 (1901). It has been determined that knowledge of a condition does not, as a matter of law, require a person to stay home, nor does it become negligence per se for one to travel on the street. *Pioneer Construction Co.* v. *Hambrick*, 193 Va. 685, 691, 70 S.E.2d 302, 306 (1952). While plaintiff has a duty to use her senses and not walk into defects with which she is familiar, a disputed fact issue remains as to whether she can easily avoid this condition by the use of ordinary care. For the foregoing reasons, summary judgment is not an appropriate remedy.

Even if the defendant were to establish the plaintiff's contributory negligence, summary judgment would still not be appropriate. The motion for judgment further alleges wanton misconduct on the part of the defendant. This allegation was denied, thus, giving rise to another material factual dispute. A plaintiff's contributory negligence is not a bar to recovery where the defendant has been guilty of wanton negligence. *Thomas* v. *Smith*, 162 Va. 654, 660, 174 S.E. 837, 839 (1934).