Opinion.

# Richmond.

CHESAPEAKE & OHIO RAILWAY CO. v. WILLIAMS.

November 19, 1908.

1. VERDICTS—*Weight in Appellate Court—Negligence.*—The jury are the judges of the weight to be given to the evidence, and their verdict affirmed by the trial judge, will not be set aside by this court except in case of a plain deviation from right and justice. If the question be one of negligence, and reasonable men might fairly differ as to whether or not there was negligence, the verdict of the jury will not be disturbed.

Error to a judgment of the Circuit Court of Alleghany county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

, *Robert L. Parrish,* for the plaintiff in error.

*Wm. E. Allen* and *Charles & Duncan Curry,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In this case, the plaintiff, an employee of the Chesapeake and Ohio Railway Company, has recovered a verdict and judgment for $8,000, damages for an injury alleged to have been caused by the negligence of the defendant company. We are asked to set aside this judgment and grant a new trial, upon the ground that the verdict of the jury is not sustained by the evidence.

The jury is the judge of the weight and credit to be attached to the evidence, and for this reason it has always been regarded

as a delicate matter for the court to interfere with their verdict. According to the practice of this court, established by a long line of decisions, it has no power to disturb the verdict of a jury, unless satisfied that the evidence is plainly insufficient to sustain it. *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901; *So. Ry. Co.* v. *Bryant,* 95 Va. 212, 28 S. E. 183; *Blosser* v. *Harshbarger,* 21 Gratt. 214.

In the last-named case it is said: "A new trial, asked on the ground that the verdict is contrary to the evidence, ought to be granted only in a case of plain deviation from right and justice —not in a doubtful case, merely because the court, if on the jury, would have given a different verdict. Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifest wrong and injustice has been done, or unless the verdict is plainly not warranted by the facts proved."

The opinion of the court which tried the cause, on such a point, is entitled to peculiar respect in an appellate court. *Brugh* v. *Shanks,* 5 Leigh 649.

This court has repeatedly held, that the verdict of a jury, on a question of negligence, will not be disturbed, where the evidence is such that reasonable men might fairly differ as to whether there was such negligence or not. *Carrington* v. *Ficklin,* 32 Gratt. 670; *Marshall* v. *Valley R. Co.,* 99 Va. 798, 34 S. E. 455; *Danville* v. *Robinson,* 99 Va. 448, 39 S. E. 122, 55 L. R. A. 162; *Bass* v. *Norfolk Ry. Co.,* 100 Va. 1, 40 S. E. 100; *Norton Coal Co.* v. *Murphy, ante* p. 528, 62 S. E. 268, 2 Va. App. 416.

The case at bar was fairly submitted to the jury, and we cannot hold that the evidence was plainly insufficient to sustain their verdict.

In the light, therefore, of the authorities cited, the judgment complained of must be affirmed.

*Affirmed.*