## Staunton.

SOUTHERN RAILWAY CO. v. CASH.

September 21, 1909.

Absent, Cardwell, J.

1. NEW TRIAL—*Verdict Contrary to Evidence—Conflicting Evidence—Province of Jury.*—It is the province of the jury to pass on the credibility of witnesses and the weight to be given to their testimony. If there are conflicts or discrepancies in the evidence it is the jury's duty to reconcile them if possible, and if not, they may credit the witness or witnesses who in their opinion are best entitled to it. If there is evidence sufficient to support the verdict, it will not, as a rule, be set aside.

2. EXCESSIVE VERDICT—*Personal Injury.*—A verdict for $1,400 in a personal injury case will not be set aside as excessive where it appears that the plaintiff was thrown violently to the ground, his nose was broken, his hands and face scratched and scarred, and that he was detained in a hospital two weeks, or more. The amount of damages is not so great as to evince prejudice, partiality or corruption on the part of the jury, or that they were misled by some mistaken view of the case. Unless this be true, the verdict in such a case cannot be set aside as excessive.

Error to a judgment of the Circuit Court of Albemarle county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Perkins & Perkins,* for the plaintiff in error.

*Harmon & Walsh, Geo. E. Walker* and *W. S. Burnley,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

William A. Cash instituted his action against the Southern Railway Company to recover damages for injuries suffered by him whilst alighting from a passenger train of the defendant company on which he was a passenger, caused, as is alleged, by its negligence.

There was a verdict and judgment in favor of the plaintiff for $1,400. To that judgment this writ of error was awarded.

The first and second errors assigned in the petition for the writ of error, which were respectively to the action of the court in overruling the demurrer to the first and third counts of the declaration and the motion in arrest of judgment, were both waived in oral argument.

The third assignment of error is to the refusal of the court to set aside the verdict because contrary to the instructions of the court, which it is conceded properly submitted the case to the jury. The fifth assignment is to the refusal of the court to set aside the verdict because contrary to the law and the evidence. As these assignments of error involve substantially the same question, they will be considered together.

The plaintiff testified that on the evening of the accident, which occurred about nine o'clock at night, he purchased a ticket from the defendant company's agent at Barboursville entitling him to ride on the train from that point to Burnley, both stations on the defendant's road; that when the train on which he was traveling stopped at his point of destination for passengers to get off, and as he was attempting as rapidly as he could to get off, having one foot on the bottom step or the one next to it, he could not tell which in the dark, the train, without giving him sufficient time to get off, started with a jerk, and threw him face foremost to the ground, breaking his nose, bruising his head, scarring his hands and face, and rendering him unconscious.

The defendant introduced evidence which tended to show that the defendant was not guilty of moving its train negligently;

that the plaintiff was not injured in the manner or at the point claimed by him; that he had on the night he was injured and the next morning made statements as to the cause and manner of his injuries which were wholly inconsistent with his testimony in the case.

It is earnestly insisted by the counsel of the defendant that upon the whole evidence the jury could not properly give credence to or rely upon the plaintiff's testimony on the witness stand, and that there was therefore no evidence upon which to base their verdict.

There can be no question that if the jury believed the evidence of the plaintiff it was sufficient to establish the negligence of the defendant in moving its train while the plaintiff was getting off. There was nothing physically impossible in his testimony. His injuries could and may have happened as he testified. His credibility was, therefore, a question for the jury.

The court cannot invade the province of the jury on a motion for a new trial, by attempting to pass upon the credibility of the witness, to reconcile conflicting statements, or to determine the weight to be given the evidence of each. If there are conflicts or discrepancies in the evidence it is the jury's province to reconcile them if possible, and, if not, the jury may give credence to the witness or witnesses who in their opinion are best entitled to it. 1 Thompson on Trials, sec. 1038.

*C. & O. Ry. Co.* v. *Williams,* 108 Va. 689, 62 S. E. 796, and cases cited.

The remaining assignment of error is to the refusal of the court to set aside the verdict because the damages were excessive.

The evidence tended to show that the plaintiff was thrown violently to the ground, his nose was broken, his hands and face scratched and scarred, and that he was rendered unconscious by his fall; that some days after the accident, and after his physicians had attended the fracture in his nose, hemorrhages came on which were serious and dangerous, and their

Opinion.

treatment painful; that he was taken to and remained in the hospital for two weeks or more.

It may be that the hemorrhages were in whole or in part the result of the plaintiff's not following his physicians' directions, as argued; but whether they were or not, that was a question for the jury under the instructions given by the court. Upon all the evidence it cannot be said that the amount of damages assessed is so great as to evince prejudice, partiality or corruption on the part of the jury, or that they were misled by some mistaken view of the case. Unless this can be said, it is well settled that in personal injury cases, where there is no fixed legal basis of compensation, the court will not disturb the verdict on that ground. *C. & O. Ry. Co.* v. *Fortune,* 107 Va. 412, 416-417, 59 S. E. 1095.

Upon the whole case, we are of opinion that there is no error in the judgment, and that it must be affirmed.

*Affirmed.*