# Richmond.

## Chesapeake and Ohio Railway Co. v. Christian's Administratrix.

### March 10, 1910.

1. VERDICTS—*Conflicting Evidence—Discrepancies.*—The verdict of a jury will not be set aside if there is evidence sufficient to sustain it, although there may be conflicts and discrepancies in the oral testimony of the prevailing party. It is the province of the jury to reconcile these, if possible, and if not to give credence to the witness or witnesses who, in their judgment, are best entitled to it.

2. NEW TRIAL—*Conflicting Evidence—Verdict Conclusive.*—Where the evidence on a material question in a case is conflicting, the verdict of the jury is conclusive on the court on a motion for a new trial.

3. INSTRUCTIONS—*Negligence and Contributory Neglience—Conflicting Evidence.*—Where, in a personal injury case, the evidence is conflicting both as to the negligence of the defendant and the contributory negligence of the plaintiff, it is proper to instruct the jury on each of the points.

4. MASTER AND SERVANT—*Safe Appliances—Evidence—Railroads.*—The fact that the engine which inflicted the injury complained of passed several times over a particular portion of a railway track on the morning of the accident, without injury to the engine, track or crew, is a circumstance to be considered in determining whether or not the engine, or the roadway or track was in a reasonably safe condition for the use of employees of the company, but is not conclusive evidence of that fact.

5. APPEAL AND ERROR—*Improper Evidence—Harmless Error.*—The answer of a witness which shows that he has no knowledge on the subject of inquiry, if error, is harmless.

Error to a judgment of the Circuit Court of the city of Clifton Forge in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Parrish,* for the plaintiff in error.

*Charles & Duncan Curry* and *F. W. King,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The intestate of the defendant in error was run over and killed by an engine of the plaintiff in error, the Chesapeake and Ohio Railway Company, and this action was brought to recover damages therefor.

The deceased was a yard conductor in the service of that company in its yard at Clifton Forge, Va., and was either thrown or fell from the step of the engine upon which he was standing and run over by it.

The plaintiff's contention is, and there is evidence which shows, that on the day of the accident her intestate, in the discharge of his duty, was standing on the step in front of the engine, which step was not properly fastened at the ends (of which the railroad company had notice), and was worm-eaten and otherwise defective; that the ends of the rails of the track upon which the engine was running at the place of the accident would sink or give down when the engine passed over them; that the boards or plank laid lengthwise between the rails at that point were not fastened at their ends to the ties as they should have been, so that the result was that as the engine passed that point the track sunk and the ends of the boards did not, but stuck up, striking the step upon which the deceased was standing, breaking it and throwing him off in front of the engine, which ran over him.

The railway company, on the other hand, insists that the evidence shows that the deceased at the time of the accident was standing on the step in front of the engine, running at from ten

to twenty-five miles an hour, without holding to anything, and was therefore guilty of such negligence on his part as deprives the plaintiff of the right to recover, even if the railway company was negligent, which is denied.

The railway company claims that the trial court committed three errors to its prejudice in the trial of the cause. The first error assigned, and that chiefly relied on, is that the verdict is contrary to the law and the evidence, and that the trial court erred in not setting it aside.

The evidence not only tends to establish the facts relied on by the plaintiffs to sustain her recovery, but is sufficient to sustain it, if the jury saw proper to believe the witnesses introduced by her. It is quite true, as the learned counsel for the railway company argues, that some of the material witnesses for the plaintiff contradict themselves and each other in their testimony, and give an unsatisfactory account of what they claim to have seen; but, as was said in the recent case of *Southern Railway Co.* v. *Cash, ante,* p. 282, 65 S. E. 601, the court cannot, on a motion to set aside the verdict of the jury, invade the province of the jury to pass upon the credibility of the witnesses, to reconcile their conflicting statements or determine the weight to be given the evidence of each. If there are conflicts or discrepancies in the oral testimony, it is the province and duty of the jury to reconcile them if possible, and if this cannot be done the jury may give credence to the witness or witnesses who in their judgment are best entitled to it.

That the evidence of the plaintiff made out a case of negligence against the railway company, if the jury believed the statement of the witnesses most favorable to her contention, is not seriously controverted by the railway company, but its counsel earnestly insists that the evidence shows that the plaintiff's intestate was guilty of contributory negligence in standing upon the front step of a rapidly moving engine without taking measures for his own safety.

The preponderance of evidence is that the deceased was not holding to anything while in that dangerous position; but two witnesses, Rapp and Vest, testify that he was holding on at the time of the accident. Upon this evidence the question of contributory negligence was clearly one for the jury, and their finding upon it is conclusive upon the court if the case was properly submitted to them.

The next assignment of error is to the action of the court in giving instructions one, two and three offered by the plaintiff, and in rejecting instruction numbered two asked for by the defendant.

The objection made to the said instructions offered by the plaintiff is that they were not applicable to or justified by the evidence. The contention of the defendant company is, as above stated, that the evidence clearly shows that the plaintiff's intestate was guilty of contributory negligence, and that the plaintiff was not entitled to recover, even if the defendant was guilty of the negligence charged.

The objection to these instructions is based upon a mistaken view of the testimony. The evidence is conflicting upon the question of contributory negligence of plaintiff's intestate as well as upon the negligence of the defendant. Instructions were therefore proper upon each of these points. As we understand the defendant's objection, it is not contended that the language of the said instructions was objectionable, or did not properly submit those questions to the jury if they were applicable to the facts of the case.

The defendant's instruction No. 2, which the court declined to give, was properly refused. The latter part of it is as follows: "And they (the jury) are further instructed that if they believe from the evidence that the accident in this case was such as could not have been reasonably expected by the defendant to occur, *and that the engine that caused the same had on the morning of the accident several times gone over the point of accident without injury to engine, track or crew, then they should find for the defendant.*"

The portion italicized was clearly erroneous. The engine may have passed over the track where the accident occurred several times that morning without injury to the engine, track or crew, and yet the step, plank and track have been in the condition charged in the declaration. The fact that the engine may have passed several times over a particular portion of railway track on the morning of the accident was a circumstance to be considered in determining whether or not the step, roadway or track was in a reasonably safe condition for the use of the company's employees, but was not conclusive evidence of that fact.

The remaining assignment of error is to the admission of certain evidence.

On the cross-examination of one of the defendant's witnesses he was asked the following question: "Are the boards down there on the track now as they were?" (that is, when and where the accident occurred). This question was objected to on the ground that the changed condition of the yard was not proper evidence to go to the jury. The answer of the witness shows that he had no knowledge on the subject, and the evidence could not have prejudiced the defendant.

We are of opinion that there is no error in the judgment, and that it must be affirmed.

*Affirmed.*