## Richmond.

### R. K. REVELL v. I. T. BALLARD AND W. A. BALLARD, PARTNERS TRADING AS BALLARD FISH AND OYSTER COMPANY.

March 18, 1926.

1. ARCHITECTS—*Acceptance of Plans by Land Owners—Action by Architects for Services—Case at Bar.*—In the instant case, an action by an architect for his services to defendants, there was evidence to show that defendants made no objection to plaintiff's plans and drawings until after the institution of plaintiff's action. On the contrary, they accepted, approved and used the plans. There was also evidence that it was understood and agreed by both parties that the architect should be paid for the work done by him on the plans and specifications, unless the construction work was awarded to him, which was not done. This was the practical construction put upon the contract by one of the defendants when he said to plaintiff: "I realize I am in your debt;" that they "expected to pay me for my services." Defendants' testimony in their own behalf denied that they ever employed plaintiff to prepare plans or specifications or promised to pay him for his services.

   *Held:* That the trial court erred in setting aside a verdict for plaintiff and entering judgment for defendants.

2. CONTRACTS—*Construction—Practical Construction.*—Where there is uncertainty as to the terms of the contract the construction put on it by the parties should prevail.

3. APPEAL AND ERROR—*Conflicts in Evidence—Inferences Drawn by Jury.*—If a condition of facts is such that the jury may deduce from them more than one inference or conclusion, the court, upon a motion to set aside their verdict, has no such discretion, but is bound down to that interpretation of the facts, and is constrained to adopt that conclusion from the evidence, which the jury have sanctioned by their verdict.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Vincent L. Parker* and *Wm. G. Maupin,* for the plaintiff in error.

*E. R. F. Wells* and *W. W. Starke,* for the defendants. in error.

WEST, J., delivered the opinion of the court.

R. K. Revell brought action against I. T. Ballard and W. A. Ballard, trading as Ballard Fish and Oyster Company, for services in preparing and furnishing plans and specifications for a fish and oyster house which the defendants were contemplating building in Portsmouth, Virginia. The jury returned a verdict for the plaintiff in the sum of $500.

The court, on motion of the defendants, set the verdict aside and entered judgment for the defendants. Revell is here complaining of that judgment.

The only assignment of error is the action of the court in setting aside the verdict and entering judgment for the defendant. There is no controversy about the instructions, and the only question for us to decide is, was the verdict plainly wrong or without evidence to support it?

R. K. Revell is a building contractor, licensed to draw plans for buildings. He went to see the Ballards, who showed him a small pencil sketch of the building they needed and authorized him to draw detailed plans and specifications for its construction, which he did. He had several conferences with them at which they suggested a number of changes in the plans which were adopted by Revell. The drawings were finally completed in accordance with their wishes and left

with them, upon their promise to return them to Revell in a few days to be blue-printed. Revell spent much time at work on the plans and paid the draftsman alone a fee of $112.

The defendants kept the plans for many months. during which time they used them before the city authorities of the city of Portsmouth in making application for a permit to erect a fish and oyster house upon their property. ·

At the time they authorized him to go ahead and draw the plans, Revell agreed that if he was awarded the building contract, which would involve probably $40,000, he would make no charge for the plans. The· Ballards delayed the erection of the building. Revell called them over the 'phone and asked when they wanted him to go ahead with the blue prints. He says they told him: "Let things rest for the present, * * * not to be uneasy, that they hadn't got in touch with anybody else and didn't expect to, and even if they· didn't put the building up, that they expected to pay me for my service, and that they realized that they were in my debt." Several weeks later Revell called them over the 'phone again, and was informed that they had a new set of plans prepared by a Norfolk architect, Ferebee, and owed the plaintiff nothing for the plans prepared by him.

[1] Defendants made no objection to Revell's plans. and drawings until after the institution of this suit. On the contrary, they accepted, approved and used them. It was understood and agreed by both parties that Revell would be paid for the work done by him, unless the construction work was awarded to him, which was not done. This was the construction put upon the contract by I. T. Ballard when he said to Revell: "I realize I am in your debt;" that they "ex-

pected to pay me for my services." It is manifest that he was referring to his obligations under the original contract.

[2] Where there is uncertainty as to the terms of the contract, the construction put on it by the parties should prevail.

In 2 Williston on Contracts, at section 623, page 1206, we find this: "The interpretation given by the parties themselves to the contract as shown by their acts will be adopted by the court, and to this end not only the acts but the declarations of the parties may be considered."

Testifying in their own behalf, the defendants denied that they ever employed the plaintiff to prepare any plans or specifications for a new building, or promised to pay him any sums of money for his services in connection therewith.

[3] The jury heard the witnesses testify and observed their demeanor on the stand. The inferences they have drawn from the conflicts in the evidence are favorable to the plaintiff, and we must accept them as true.

In *Cochran v. London Assurance Corp.*, 93 Va. 562, 25 S. E. 600, Judge Cardwell, speaking for the court, said: "If a condition of facts is such that the jury may deduce from them more than one inference or conclusion, the court, upon a motion to set aside their verdict, * * * has no such discretion, but is bound down to that interpretation of the facts, and is constrained to adopt that conclusion from the evidence, which the jury have sanctioned by their verdict."

There was ample evidence to support the verdict of the jury and the court erred in setting it aside. The judgment for the defendants will be reversed and judgment entered here upon the verdict of the jury for the plaintiff.

*Reversed.*