# Richmond.

RICHMOND-WASHINGTON MOTOR COACHES, INC. v. HENRY E. AUSTIN.

March 20, 1930.

Absent, Hudgins, Gregory and Browning, J J.

The opinion states the case.

*Ball & Douglas*, for the plaintiff in error.

*John Barton Phillips*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This action was brought by Henry E. Austin to recover damages for personal injuries sustained by him, which, in his notice of motion for judgment, he alleges were caused by the negligence of the defendant. There was a verdict and judgment in favor of the plaintiff for the sum of $1,000.00. To that judgment this writ of error was awarded.

The defendant is a common carrier of passengers by motor busses operating over the highway running between Richmond and Washington, D. C. On the

8th day of October, 1927, plaintiff became a passenger for hire upon one of the defendant's buses which left Richmond at approximately 7 o'clock p. m., bound for Washington. When about twenty miles distant from Richmond, and as it was approaching the crest of a hill, the bus collided with an automobile traveling in the opposite direction. The automobile struck the bus on the left hand side, near the driver's seat, and after the collision the bus traveled approximately one hundred yards, crossed over the road to the left, ran off the road and struck a barn. As a result of this impact, plaintiff received injuries to his abdomen and back.

It is assigned as error that the court erred in overruling the motion of the defendant to set aside the verdict of the jury for the reason that there was no evidence to support it.

The plaintiff testified that on the evening of the accident he purchased a ticket for Washington from defendant's agent at Richmond; that it was raining; that the wind-shield wiper was not working well; that the lights on the bus "were not in just good condition"; that the accident occurred on or near the crest of a hill; that at the time of the accident the bus was running at a speed of forty to forty-five miles an hour; that the location of the bus in the highway was approximately thirty inches from the right hand side of the road; that after the bus and the automobile collided, the driver "didn't apply the emergency brake"; that the bus ran a distance of approximately one hundred yards and struck a barn; that the violence of the impact threw him out of his seat, injured his back and abdomen and shocked his nerves to such an extent that he was a patient in a Richmond hospital for several days, and was under the care of physicians

for some months and had expended a large sum of money seeking a cure for his injuries.

Layman Stout, a witness for the plaintiff, testified that he was a passenger upon the bus at the time of the accident; that it was raining as the bus proceeded up the hill at a speed of over thirty miles an hour; that he heard the driver of the bus complain of the lights; that after the accident he went back to the point of the collision between the bus and the automobile and observed that the tracks of the bus wheels were over the center of the road; that the driver of the bus did not apply the emergency brakes at any time; that he did not cut the motor off until after the bus crashed into the barn; that the driver made no effort to assist the passengers; that the injured passengers were taken to Richmond by the driver of a bus from Washington and were placed in a hospital; that two days after the accident, when in a dazed condition as a result of a "knock" on the head, he had signed a statement, written by an agent of the defendant, to the effect that the bus was on the extreme right hand side of the road and was running about twenty-five miles per hour at the top of the grade.

The defendant introduced evidence which tended to show that the driver of the bus was operating the same in a lawful manner on the extreme right hand side of the highway; that the lights were in good order; that the brakes before the accident were in good condition; that the airline which controls the emergency brake was broken or cut by the force of the automobile striking the bus, thus rendering the emergency brake ineffectual; that the driver rendered every service possible to the injured passenger; that the accident was a result of the negligence of the driver of the automobile.

■ Counsel for defendant contended that the jury should not have given credence to the testimony of the witness Stout because of his inconsistent statements, and that with Stout's evidence ignored, the evidence of the plaintiff is wholly insufficient to support the verdict. The credibility of the witness Stout was a jury question pure and simple. The fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render the testimony of the witness nugatory. It is the province of the jury to pass upon such inconsistent statements and to give or withhold its assent to the truthfulness of the particular statement.

■ ■ There can be no question that the evidence is conflicting at almost every point. The jury believed the evidence adduced by the plaintiff, that the driver of the bus was negligent in its operation and that such negligence was the proximate or contributing cause of the accident which inflicted plaintiff's injuries. The record does not show that the facts and circumstances thus shown by the plaintiff were physically impossible. Such being the case, there is no warrant in law which authorizes this court to encroach upon the province of the jury and settle conflicts of evidence and pass upon the credibility of witnesses.

■ In *Southern Ry. Co.* v. *Cash*, 110 Va. 284, 65 S. E. 601, 602, Judge Buchanan said: "The court cannot invade the province of the jury on a motion for a new trial, by attempting to pass upon the credibility of the witness, to reconcile conflicting statements, or to determine the weight to be given the evidence of each. If there are conflicts or discrepancies in the evidence it is the jury's province to reconcile them if possible, and, if not, the jury may give credence to the

witness or witnesses who in their opinion are best entitled to it. 1 Thompson on Trials, section 1038.

"*C. & O. Ry. Co.* v. *Williams*, 108 Va. 689, 62 S. E. 796, and cases cited."

■ The second and last assignment of error challenges the action of the court in giving to the jury, upon the motion of the plaintiff, Instruction No. 2. The record fails to disclose the objections, if any, urged against that instruction in the trial court. No good cause is shown why the provisions of Rule 22 should be relaxed and the objections now urged for the first time should be considered.

Upon the whole case, we are of opinion that there is no error and that it must be affirmed.

*Affirmed.*