Merrimack,
Jan. 1, 1935.

LILLIAN B. EASTMAN & a.

*v.*

FIRST NATIONAL BANK, *Trustee.*

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiffs.

*Foster & Lake* and *Gordon S. Lord* (*Mr. Lord* orally), *amici curiae.*

BRANCH, J.   The language of the will is obscure and conflicting, but it seems plain that the trust was created in order to accomplish two distinct purposes, *i.e.*, 1. to provide funds for the payment of the seven annuities created by clauses 7 to 13 inclusive of the will, and 2. to provide for the support of the testator's wife and children during the minority of the latter.   It is difficult to ascertain what result the testator intended to achieve after these purposes were fully effectuated.

It is by no means clear that he intended that the trust should continue after all his children became of age.   The provision that when the daughter shall reach eighteen years of age "her portion shall be turned over to her and the boys at the age of twenty-one," if it stood alone, would indicate an intention that distribution of the trust fund should be made when the children reached the ages specified, but the context of this clause together with other provisions of the will appear to indicate a purpose that the trust shall continue for a longer period.

There is, however, no language in the will which indicates that the testator intended to set up a spendthrift trust, and in the absence of words clearly indicating such a purpose, a conclusion that a trust of that kind was created is not permissible, since it will not be assumed that the testator had in mind a purpose in conflict with the general policy of the law against restraint upon the power of alienation. 1 Perry, Trusts (6th *ed.*) *ss.* 386, 386*a*; 65 C. J. Tit, Trusts, 542; *Sears* v. *Choate*, 146 Mass. 395; *Rowley* v. *Company*, 144 Va. 374. See *Hunt* v. *Wright*, 47 N. H. 396, 400.

The elaborate character of the will, the provision that "all the net proceeds" of the estate should go into the trust fund and the failure

to include in the will a residuary clause, all point to the conclusion that the testator intended to dispose of his whole estate and did not intend that intestacy as to any part of it should result. The will provides that the principal of the trust fund shall be paid to the plaintiffs over an extended period. No provision is made as to the disposition of the share of any who might die during the period. The intent of the testator to dispose of his whole estate and to exclude all except the plaintiffs from sharing therein is convincingly expressed.

The parties are in agreement as to the fact that after payment of the annuities provided for in the will, it was the testator's purpose to benefit no one except the plaintiffs. In other words, it was his intent that the plaintiffs should have the entire benefit of the residue of his estate. Obviously the trust, if administered strictly according to its terms, could not accomplish this result, for it is plain, as suggested by plaintiffs' counsel, "that distribution of the income and one per cent of the principal may be made semi-annually for an infinite period of time without exhaustion of the trust *res.*" It is argued that under these circumstances the will should be construed as creating a trust to endure for the lives of the wife and children and that "the remainder undisposed of passes by intestacy or to the owners of the equitable life interest by way of remainder." The alternative of intestacy being excluded for the reasons set forth above, it would follow from this argument that the plaintiffs are now owners, not only of equitable life estates in the trust fund, but of the remainder as well. This is only another way of stating the position of the plaintiffs that they "have absolute, vested rights in and to the entire trust estate." This conclusion we accept as sound.

The equitable life interests of the plaintiffs are unrestricted. They are assignable as completely as though they were legal instead of equitable in character. No restraint upon their enjoyment was imposed by the testator or by the law. Their owners may do with them as they please. *White* v. *Weed, ante,* 153. The ownership of the remainder is similarly unrestricted. The plaintiffs may dispose of it as they see fit, and since all the beneficial interests in the estate are now united in the same persons, they are in equity to be regarded as the sole owners thereof. *Ib.*

Under these circumstances the right of the plaintiffs to have the trust terminated seems to be clear. "The beneficiaries of a trust, if all consent and none is under an incapacity, can compel its termination if the continuance of the trust is not necessary to carry out a material purpose of the trust, although the period fixed by the terms of

the trust for its duration has not expired." 2 Am. Law Inst., Restatement of Trusts, *s.* 337, Comment *a*; 2 Perry, Trusts, (6th *ed.*) *s.* 920; Lewin, Trusts, (13th *ed.*) 657. Numerous decisions sustaining the rule above stated are collected in the note to *Rowley* v. *Company,* (144 Va. 374) in 45 A. L. R. 738, 743. For judicial statements of the rule special reference may be made to the following cases: *Tilton* v. *Davidson,* 98 Me. 55; *Ackerman* v. *Company,* 90 Conn. 63; *Rowley* v. *Company, supra.* This is not a principle authorizing the exercise of discretion by the chancellor in the termination of trusts. It states the necessary result of the union of all beneficial interests in the same hands.

Since the plaintiffs appear to be the only parties now beneficially interested in the present trust, since they are all of legal age and *sui juris,* and have agreed to terminate the trust, and since all the other ascertainable purposes of the testator except that to give the plaintiffs the benefit of his entire estate, have been fully accomplished, it follows, in accordance with the foregoing principle that the third question submitted to us for decision must be answered in the affirmative.

It is argued that this court "has adopted the rule that a trust continues as long as the testator intends that it shall," and that the above conclusion conflicts with this rule. Particular reference is made to the case of *Herrick* v. *Slocombe,* 84 N. H. 413, where the court said with reference to the facts then before it, "The trust continues as long as he [the testator] intended that it should." As pointed out above, the.purpose of this testator with reference to the duration of the trust is extremely dubious, but even if it were clear, our conclusion would not conflict with the decision in *Herrick* v. *Slocombe, supra.* The point of that decision was that the trust must continue until the purposes for which it was created were accomplished. *White* v. *Weed, supra.* Nothing more was intended by the language above quoted.

In view of the result reached above, it is unnecessary to answer specifically the first and second questions transferred by the superior court. A decree should be entered ordering the trustee to distribute the trust fund and any accumulated income to the plaintiffs in accordance with their agreement.

*Decree for the plaintiffs.*

All concurred.