# Richmond

## F. A. BRISTOW AND OTHERS V. WILLIAM HENRY BRAUER.

February 26, 1940.

Record No. 2143.

Present, All the Justices.

The opinion states the case.

*John G. May, Jr., John C. Goddin* and *Cutler May,* for the plaintiffs in error.

*Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

William Henry Brauer instituted this proceeding against F. A. Bristow, G. R. Bristow and E. W. Bristow, Jr., partners trading as Bristow Brothers, to recover damages for injuries received by him in a collision between an automobile in which Brauer was riding and a tractor-trailer truck owned by Bristow Brothers, and operated by their employee. The jury returned a verdict for Brauer in the sum of $3,000. The verdict was approved by the trial judge and judgment entered thereon.

The parties will be hereinafter referred to in the respective positions they occupied in the trial court.

The sole issue presented for our consideration is whether there was sufficient evidence to sustain the verdict. The evidence surrounding the circumstances of the collision is full of contradictions; but in view of the verdict of the jury, approved by the judgment of the trial court, we need only look to so much thereof as is favorable to the plaintiff.

The case was tried upon the theory that any negligence on the part of the driver of the plaintiff's car would bar the plaintiff's recovery, and the jury, without objection from either party, was so instructed.

Among other instructions, the court told the jury that, "If the plaintiff was at fault and was on the wrong side, he cannot recover, but if he was on the right-hand side of the

road and the defendant was on the wrong side, he can recover." Both parties concede that this instruction became the law of the case, and that the sole question before the jury was which vehicle was on the wrong side of the road at the time of the collision.

The plaintiff, a young man twenty-two years of age, was injured at about 1:30 a. m., on the morning of February 22, 1937. At the time he was injured, he was returning from his home in Richmond to Tappahannock, his place of employment. He was riding with a companion in the rear seat of a two-door sedan, operated by his wife and owned by his father. The vehicle was an ordinary passenger car about five feet wide. While being driven eastwardly at a speed of approximately 40 or 45 miles an hour, this car collided with the left, rear side of the trailer unit of a tractor-trailer truck, belonging to the defendants.

The scene of the collision was about six miles east of Richmond, on an eighteen foot wide concrete State highway. The highway was straight for a long distance, with little or no grade. The tractor-trailer truck, the vehicle of the defendants, was 33 feet, 10 inches long, the tractor 85 inches wide, and the trailer 90 inches wide and 10 feet high. The tractor furnished the motive power, and had two single wheels in front and two double wheels in the rear. The tractor was actually a "tractor-truck" and the trailer a "semi-trailer" as defined in Virginia Code 1936, section 2154 (49) (r) and (v). The trailer had double wheels at its rear end, its front end resting on the rear of the tractor, connected thereto by a pivot or swivel. The truck was bound westwardly towards Richmond and was being operated at approximately 30 to 35 miles per hour.

As the passenger car and the truck were approaching each other, the plaintiff and his driver, Mrs. Brauer, saw the lights of the large vehicle in the center of the road ahead of them. Brauer placed them in that position about a block distant. Mrs. Brauer continuously kept to her right side of the center of the road, and the truck pulled over towards its right side of the road. The sedan and the tractor part of

the truck combination passed each other safely; but the left front part of the sedan and the left rear portion of the trailer of the truck combination came into collision. Both the plaintiff and Mrs. Brauer testified, in the most positive language, that at the time of this collision their car was entirely on its right-hand side of the road, the right wheels of their car then being on the edge of the concrete. As a result of the collision, the left front tire of the passenger car was blown out, the left side of the car damaged, and the plaintiff seriously and permanently injured. The left, rear side of the trailer was dented and scraped. The sedan was stopped shortly on the right-hand side of the road, and the truck proceeded on for only a short distance.

The driver of the truck died from causes unrelated to the accident shortly before the trial of the case.

In the course of her lengthy examination, Mrs. Brauer, though she repeatedly asserted that her car was on her right side of the road, made the further statement that the truck "appeared" to her to be on its side. Witnesses for the defendants testified that the tractor-trailer was on its right-hand side of the center of the highway. From this testimony, the defendants contend that there was no evidence to show that its tractor-trailer was on the wrong side of the road at the time of the collision, and that there was no definite proof as to how and why the collision occurred.

In connection with the testimony of Mrs. Brauer, who was a witness and not a party to the action, the learned and experienced trial judge, who had the advantage of seeing and hearing the witness testify, aptly said, on the motion to set aside the verdict of the jury:

"Not every witness is a master of expression, and it sometimes happens that under skillful cross-examination, a witness unintentionally says or imperfectly says something that may appear to be inconsistent with previous statements. The jury, however, have the entire picture before them and can make proper allowances."

"The fact that a witness makes inconsistent statements in regard to the subject matter under investigation

does not render the testimony of the witness nugatory. It is the province of the jury to pass upon such inconsistent statements and to give or withhold its assent to the truthfulness of the particular statement." *Richmond-Washington Motor Coaches* v. *Austin,* 154 Va. 148, 152 S. E. 357, 358; *Tignor* v. *Virginia E. & P. Co.,* 166 Va. 284, 184 S. E. 234.

■ "If a condition of facts is such that the jury may deduce from them more than one inference or conclusion, the court, upon a motion to set aside their verdict * * * has no such discretion, but is bound down to that interpretation of the facts, and is constrained to adopt that conclusion from the evidence, which the jury have sanctioned by their verdict." *Cochran* v. *London Assurance Corp.,* 93 Va. 553, 562, 25 S. E. 597, 600; *Revell* v. *Ballard,* 144 Va. 371, 132 S. E. 322; *Tignor* v. *Virginia E. & P. Co., supra.*

■ The evidence of the circumstances presents the following picture:

The huge tractor-trailer, 7½ feet wide, nearly 34 feet long and 10 feet high, was coming towards the plaintiff's car, in the center of the road, only a short distance ahead, when it had reserved for its use only 9 feet of an 18 foot highway. The circumstances required that the driver of the truck should have every portion of his tractor and trailer on its side of the road as it met the oncoming car.

■ While Mrs. Brauer was also charged with the duty of exercising proper care to avoid a collision, she had the right to presume that the truck driver would move over entirely to his side of the road. If she performed her duty and he failed in his then the fault of the collision attaches to him.

■ It is a matter of common knowledge that on a straight highway the bright headlights of an oncoming automobile will so obscure the vision of a driver of an approaching car that he is unable to determine the full extent of the length and size of the car being met, both before the cars meet and for an appreciable moment after the passing of the front parts of the cars. Mrs. Brauer could not tell until she passed the lights of the oncoming vehicle whether it was

merely a truck or a tractor-trailer. The fact that she passed the front of the truck, the tractor part of the combined vehicle, safely, corroborates her evidence that her car was then proceeding on its right side. The surrounding circumstances all tend to explain the expression of Mrs. Brauer that the truck, as she termed the vehicle she was meeting, "appeared" to be on its proper side of the road. The tractor part of the truck and the position of its headlights indicated such position for the approaching vehicle, while its headlights, at the same time, operated to prevent a disclosure of the true position of the trailer extension.

There is positive credible evidence that the sedan was on its right half of the highway. Evidence in conflict therewith merely raised a question to be determined by the jury. There is positive proof that the trailer of the defendants' truck and the sedan were in collision. If the sedan was over on its right half of the road, the collision could not have occurred unless the trailer part of the truck was on the wrong side.

The plaintiff testified that the passenger car was on its right-hand side of the road when it was struck. Mrs. Brauer located the side of the road the trailer was on when she said it hit her while her car was to its right side of the center of the road. This was the equivalent of saying that the trailer of the truck was on the wrong side of the road. To hit an object on the right-hand side of the center of the road places the object hit on that side of the road. This is not a presumption, it is a fact. The jury accepted it as a fact, when it accepted the testimony of Mrs. Brauer and the plaintiff.

██ We are of opinion that there was sufficient evidence to take the case to the jury. There was a conflict of testimony on a material point. That conflict was purely a jury question, and it was resolved in favor of the plaintiff. In such a case, the verdict of a jury is final and conclusive and cannot be disturbed. This is true even though it be argued that reasonably fair-minded men may differ as to the conclusion of fact to be drawn from the evidence and

though the conclusion reached is dependent upon the weight to be given the testimony. The rule has been so often stated and approved that no citation of authority is needed here.

The judgment of the trial court is affirmed.

*Affirmed.*