Hillsborough,<br>Oct. 7, 1941. } No. 3272.

OSCAR E. EPSTEIN & a. v. MABEL CORNING & a.

*Morris D. Stein* (by brief and orally), for the plaintiffs.

*Samuel A. Margolis* (by brief and orally), for the defendants.

MARBLE, J.    The defendants' contention that the testatrix intended that any share of the estate which her granddaughters might receive by reason of Arthur's failure to return from France should become a part of the fund to be held in trust for them is not borne out by the language of the will.    It is there stated clearly and without qualification that Arthur's share in the event of his failure to return within five years shall be divided equally among the heirs of the testatrix.    Legal title to one-fourth of that share vested in Doris as one of the four heirs.    Her power to convey that fourth cannot be seriously questioned.

The remainder of her interest in the estate stands somewhat differently.    The general rule governing the power of the beneficiary of a trust to make a voluntary transfer has been thus stated:

"Both in England, and in the United States today it is clear that the beneficiary of a trust, if he is not under a legal incapacity, can transfer his interest under the trust, unless his interest is made inalienable by the terms of the trust or by statute, or unless his interest is of such a character that it cannot be transferred, as, for

476

example, where the trust is for his personal support, or is a discretionary trust." 1 Scott, Trusts, s. 132, p. 699.

Save for the fact that in this jurisdiction a provision in a trust instrument depriving the beneficiary of the power of alienation is of doubtful validity (*Flanders* v. *Parker*, 80 N. H. 566, 569; *Brahmey* v. *Rollins*, 87 N. H. 290, 293), the rule stated above prevails here. See *Eastman* v. *Bank*, 87 N. H. 189, 192.

So far as the trust under consideration was discretionary, the interest of neither beneficiary could be assigned. *Hanford* v. *Clancy*, 87 N. H. 458, 460; *Eaton* v. *Eaton*, 81 N. H. 275, 276; Restatement, Trusts, N. H. Annot. s. 155. But the trustee was invested with no discretion concerning the ultimate disposal of the principal, one-half of which each beneficiary was to receive without restriction when she became twenty-five years of age.

Concerning those cases where by the terms of the trust a valid restraint "on the alienation of the right to receive the income but no restraint on the alienation of the right to receive the principal is imposed" it is said that although the beneficiary "is entitled to receive the income during the whole of the period of the trust," his right to receive the principal can be assigned before the expiration of that period. Thus, in *Hall's Estate*, 248 Pa. St. 218, "a testator created a trust under which the income was payable to his son until he should reach the age of thirty-five when the principal was to be conveyed to him. It was provided that his right to receive the income should not be liable for his debts nor be assignable by him. Before the son reached the age of thirty-five he assigned a portion of the principal. It was held that the assignee was entitled to receive the portion of the principal when the son should reach thirty-five." 1 Scott, Trusts, s. 153.3.

The rule thus applied is equally applicable to a situation such as that here presented in which the trustee, though required to exercise discretion in the payment of income, has no discretion as to the ultimate disposition of the principal.

Although the deeds in the present case were drawn in compliance with the statutory provisions of Massachusetts, the language used was adequate to transfer the title to land in this state. *Smith* v. *Furbish*, 68 N. H. 123, 159; *Cole* v. *Company*, 54 N. H. 242, 289, 290. But title to the trust *res* still remains in the trustee even though Mrs. Jansen has now reached the age of twenty-five years. The deeds she gave, so far as her beneficial interest in the trust was concerned, were of such right as she might have to a deed from the trustee when

the trust should end and be settled. It follows that until there is a decree of distribution (P. L., *c.* 309, *ss.* 13, 14) and thereafter until the plaintiffs by bill in equity obtain an order for Mrs. Jansen to convey to them, they have no title to that part of the real estate subject to the trust on which to base a suit for partition. The petition may of course be maintained in view of the plaintiffs' ownership of that share of the estate which Mrs. Jansen received by reason of Arthur O. Jacob's failure to return from France.

*Case discharged.*

All concurred.