**ATLANTIC GREYHOUND CORPORATION v. McDONALD.**

**No. 4891.**

Circuit Court of Appeals, Fourth Circuit.

Feb. 9, 1942.

R. P. Reade, of Durham, N. C., and Clyde A. Douglass, of Raleigh, N. C. (William B. Umstead and F. L. Fuller, Jr., both of Durham, N. C., on the brief), for appellant.

J. Elmer Long and H. G. Hedrick, both of Durham, N. C. (C. W. Hall, of Durham, N. C., and W. Henry Cook, of South Hill, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment against a bus company and in favor of a passenger who sues for damages for injuries sustained as the result of a collision between the bus on which he was riding and an automobile. There was a trial before a jury, and from judgment on an adverse verdict the bus company has appealed. Only two questions are raised by the appeal. The first of these relates to the admissibility of certain testimony of the driver of the automobile as to his habits in driving and may be dismissed with the observation that, whether admissible or not, this testimony manifestly could not have affected the verdict. The other relates to the action of the judge in overruling the bus company's motion for judgment as of non suit at the conclusion of the evidence.

The motion for judgment as of non suit, which was made in accordance with the practice prevailing under the North Carolina Code of Civil Procedure, was the equivalent of a motion for a directed verdict at the conclusion of the evidence under the federal practice, and we shall treat it as such. See Rules of Civil Procedure 41(b) and 50(a), 28 U.S.C.A. following section 723c. Moore's Federal Practice, vol. 3, pp. 3044, 3045; Federal Deposit Ins. Corp. v. Mason, 3 Cir. 115 F.2d 548, 551. A sufficient ground for denying the motion is found in the fact that it fails to state "the specific grounds therefor" as required by rule 50 (a). Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir. 106 F.2d 383, 385. A careful consideration of the record, however, convinces us that the motion was properly denied, even if the grounds set forth in the brief of appellant be considered as having been properly assigned as grounds of the motion.

At the time of the collision the bus was proceeding north on U. S. Highway No. 1 about three miles north of South Hill, Virginia. The paved portion of the highway was only eighteen feet wide with a solid five-foot earth shoulder on the east. The road was being widened at the point of collision and there was no usable shoulder on the west side of the concrete, where there had been excavation of a strip twelve feet wide for the purpose of widening the pavement. This strip was soft and slick and at the time of the collision was covered with a thin layer of ice not capable of supporting a motor vehicle. The bus was eight feet wide; and the evidence of plaintiff is to the effect that it was being operated at a speed of from sixty to sixty-five miles an hour, although the Virginia law prescribed a maximum speed limit of fifty miles an hour for buses, see 1938 Supplement to Virginia Code of 1936, § 2154(109), (b) (5) and although the bus was meeting the automobile coming from the opposite direction on a portion of the road where the west shoulder was not usable.

There was a side-swiping collision, the left front corner of the bus striking or being struck by the oncoming car. How the collision occurred is in some doubt, as both drivers claim to have been on the proper side of the center of the road. It is clear, however, that both were near the center. Skidmarks made by the bus show that its right rear wheel was within nine inches of the east side of the road, which means that the left side of the bus must have been within three inches of the center line; and "scallop" marks made by the broken knee of the left front wheel of the automobile appear along the center line. The glass of the left headlight of the automobile was not broken, which tends to support the theory that the automobile did not run into the bus but that the bus ran into it; and this theory is strengthened by the fact that the automobile received no injury to the right of the left headlight while its left rear door received greater injury than its left front door and its left rear fender was sheared off while its left front fender was merely mashed in. This tends to corroborate the statement of the driver of the automobile to the effect that he was alongside the bus when the collision occurred.

Plaintiff testifies that immediately before the collision the bus driver rose in his seat for the purpose of adjusting his trousers; and this may explain the collision which occurred almost contemporaneously. The driver admits that he made no effort to apply the brakes and slow down the bus before the collision, although he was approaching an oncoming car in the night time on a narrow road, which was under construction as we have described, and where a dangerous situation could easily arise because of the narrowness of the pavement and the fact that the west shoulder was not usable. The driver testifies that he attempted to put on the air brakes after the collision but says that they would not work and that he was unable to steer the bus or hold it in the road. There is evidence that the steering apparatus was broken as a result of the collision and that the air was let out of the air brakes so that they would not work; but the hand brake with which the bus was provided was in good condition and no effort was made to use it. The bus proceeded down the road for 124 feet, went 50 feet across the soft shoulder, climbed a six foot embankment to the west of the highway, went 70 feet further, crashed into a sign board and turned over, killing one of its passengers and injuring a number of others. Plaintiff was injured, not at the time of the collision with the automobile, but when the bus turned over at the sign board.

There can be no question but that under the law of Virginia, by which the liability in this case is governed, the bus company, as a common carrier, was required to use the highest degree of care known to human prudence for the safety of its passengers and was liable to them "for the slightest negligence against which human care and foresight might have guarded." Norfolk-Southern R. Co. v. Tomlinson, 116 Va. 153, 81 S.E. 89, 90; Washington, A. & Mount Vernon R. Co. v. Vaughn, 111 Va. 785, 69 S.E. 1035, 1038; Riggsby v. Tritton, 143 Va. 903, 129 S.E. 493, 45 A.L.R. 280; Atlantic Greyhound Corp. v. Lyon, 4 Cir., 107 F. 2d 157. Under this rule, the question as to whether defendant was guilty of negligence was clearly one for the jury. The excessive and unlawful speed on a narrow pavement where construction work precluded the use of one of the shoulders, the failure to slow down when approaching an oncoming car in the dangerous

situation thus presented, the diversion of attention of the driver by the adjustment of his garments while in such a situation,—all of these were circumstances from which the jury might reasonably have inferred that the collision and resulting injury to plaintiff were due in part, at least, to the failure of the driver of the bus to use the high degree of care required of one to whom a bus load of helpless passengers had intrusted their safety. When to this is added the failure to use the hand brake to arrest the wild flight of the bus after the collision had occurred, there can be no question as to the propriety of submitting the question of negligence to the jury.

▆▆▆ The chief contention of the bus company seems to be that the collision was due to the negligence of the driver of the automobile, and that this was an intervening efficient cause which isolated the negligence of the driver of the bus so that it could not be held a proximate cause of plaintiff's injury. In support of this contention the bus company relies particularly upon the cases of Roanoke Railway & Electric Co. v. Whitner, 173 Va. 253, 3 S.E.2d 169, and Hubbard v. Murray, 173 Va. 448, 3 S.E.2d 397, in which it was held that negligence of a vehicle in stopping on a highway would be deemed the remote and not the proximate cause of an injury resulting from another vehicle's negligently running into it, the negligence of the first vehicle in such case merely furnishing the occasion or condition of the injury, and not being the cause of it. That doctrine, however, has no application here, for the reason that the jury could well have found that the negligence of the bus driver was one of the efficient causes of the injury. Even if the injury would not have occurred without the negligence of the driver of the automobile, the jury would have been justified in finding that the negligence of the bus driver in the respects above indicated actively and continuously co-operated with the negligence of the driver of the automobile in causing the injury, and, under such finding, there would be presented a clear case of liability for concurrent negligence under the law of Virginia. Lavenstein v. Maile, 146 Va. 789, 132 S.E. 844; Abrams v. Winesburg, 165 Va. 241, 182 S.E. 233; Yonker v. Williams, 169 Va. 294, 192 S.E. 753; Stallard v. Atlantic Greyhound Lines, 169 Va. 223, 192 S.E. 800; Richmond Coca-Cola Bottling Works v. Andrews, 173 Va. 240, 3 S.E.2d 419; Richmond-Washington Motor Coaches v. Austin, 154 Va. 148, 152 S.E. 357. The rule applicable is well stated in A.L.I. Restatement of Torts, vol. 2, sec. 439, as follows:

"If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability."

▆▆ It is well settled under the law of Virginia that "a cause, to be a superseding cause, must entirely supersede the operation of the negligence of the defendant, so that such cause alone, without the defendant's negligence contributing in the slightest degree thereto, in fact produced the injury". Clinchfield Coal Corp. v. Ray, 121 Va. 318, 93 S.E. 601, 604; City of Richmond v. Cheatwood, 130 Va. 76, 107 S.E. 830; Hines, Director General of Railroads v. Garrett, 131 Va. 125, 108 S. E. 690; Chesapeake & O. R. Co. v. Crum, 140 Va. 333, 125 S.E. 301. Unless, therefore, the negligence of the driver of the automobile could be held, as a matter of law, to have been the sole cause of the injury, the case was for the jury; and certainly upon the evidence to which we have adverted the court would not have been justified in so holding. All contentions of the parties with respect to the matter were properly submitted to the jury under an able charge to which no exception was taken.

The way in which this case was handled furnishes illustration of the efficiency in judicial administration attainable under the new federal practice. Action was instituted and complaint filed June 20, 1941. Issues were simplified by pretrial hearing, and facts as to which there was no controversy were stipulated. The case was tried in October, and argument was heard on appeal in this court on the 9th of the following January, less than seven months after the institution of suit. The case has been fully heard in the trial court and on appeal and the rights of the parties have been adjudicated without the delays so often unavoidable under the old practice.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.