**JONES TRUCK LINES, Inc.,**
Appellant,

v.

**Mrs. Myra ARGO, Appellee.**

No. 15575.

United States Court of Appeals
Eighth Circuit.

Oct. 25, 1956.

Courtney C. Crouch, Springdale, Ark. (Lewis D. Jones, Springdale, Ark., was with him on the brief), for appellant.

Kenneth Coffelt, Little Rock, Ark., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellee to recover damages for personal injuries suffered by her as the result of a collision between a pick-up truck in which she was riding with her husband and a heavily loaded truck owned by appellant and being driven by its employee. The parties will be referred to as plaintiff and defendant respectively.

In her complaint plaintiff alleged that at about 10:00 A.M., April 7, 1953, as she was riding as a guest passenger in a motor vehicle driven by her husband in a westerly direction along State Highway 68 at a point on said road near Tontitown, Arkansas, an employee of defendant operating one of defendant's motor trucks in the course and scope of his employment recklessly, carelessly and negligently slowed said truck down to a near stop immediately in front of the vehicle in which plaintiff was riding, thereby causing the vehicle in which she was riding to crash into the rear of defendant's truck and to be simultaneously thrown into the path of a third and on-coming vehicle, thereby causing terrific collisions and causing plaintiff to be severely, painfully and permanently injured, and that the slowing down of defendant's truck to a near stop by its driver was sudden,

without warning and without good reason and was done in such a manner that the driver of the vehicle in which plaintiff was riding did not and could not have avoided such collisions within the exercise of ordinary care. Other allegations of the complaint related to the extent of plaintiff's injuries and the resulting damages.

Defendant in its answer, in effect, denied all negligence on the part of the driver of its truck, alleged that the accident resulted solely from the negligence of the driver of plaintiff's pick-up truck, and affirmatively alleged that plaintiff was guilty of contributory negligence and that the plaintiff and her husband were at the time of the accident engaged in a joint enterprise and that the negligence of plaintiff's husband should be attributed to her and that such negligence was the proximate cause of the accident resulting in plaintiff's injuries. It also affirmatively alleged that plaintiff, at the time she entered the pick-up truck, knew, or should have known, that her husband would drive at an excessive rate of speed and that notwithstanding this knowledge she voluntarily entered the pick-up truck and continued to ride therein and thereby assumed the hazard and risk attributable to his carelessness.

At the close of plaintiff's evidence and again at the close of all the evidence defendant interposed a formal motion for a directed verdict which reads as follows:

"Comes the defendant herein, and moves that the Court direct the jury to return a verdict for the defendant herein, Jones Truck Lines, Inc."

The motions were denied and the case was submitted to the jury on instructions to which defendant saved certain exceptions to be hereinafter considered. For reasons later stated in this opinion we here omit setting out a summary of the testimony when viewed in a light most favorable to the prevailing party. The jury by its verdict found all the issues in favor of plaintiff and assessed her damages at $4,000.00. On the verdict so returned the court entered judgment in favor of plaintiff.

Defendant seeks reversal on substantially the following grounds: (1) The court erred when it refused to direct a verdict for the defendant at the close of plaintiff's evidence and again at the close of all the evidence in the case; (2) The court erred when it refused to give the defendant's requested instruction concerning imputed negligence; (3) The court erred when it refused to submit to the jury defendant's requested instruction on joint venture; (4) The court erred when it instructed the jury as it did in paragraph IV of instruction numbered 8; and (5) The court erred when it refused to grant defendant a judgment notwithstanding the verdict, or in the alternative, a new trial.

■■ This is an appellate court and on appeal actions are not here triable de novo. We consider alleged errors committed by the trial court, and the evidence is reviewable here only where a proper motion for a directed verdict has been granted or denied, thus presenting a question of law. Glendenning Motorways v. Anderson, 8 Cir., 213 F.2d 432; Dinet v. Rapid City, S. D., 8 Cir., 222 F. 497; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356, 359. In Minnehaha County, S. D. v. Kelley, supra, we said:

"Failure to interpose a motion for a directed verdict at the close of all the testimony and secure a ruling thereon precludes defendant from questioning here the sufficiency of the evidence."

In Dinet v. Rapid City, S. D., supra [222 F. 499], this court said:

"It is claimed there is no evidence to support the verdict. This question is not before us, as it was in no way presented to the trial court during the trial. It was presented in a motion for a new trial, but the ruling of the trial court on that motion is not reviewable here. The reason for this has been so many times stated that we refrain from again repeating it."

■ The only semblance of a motion for a directed verdict is set out above and it is noted that it simply moves the court to "direct the jury to return a verdict for the defendant herein". No specific grounds for the motion are stated, and no specific ground being urged or designated in the motion it cannot be said that the court in denying the motion committed an error at law. The motion was insufficient to present a question of law for review. Rule 50(a), Fed.Rules Civ.Proc., 28 U.S.C.A.; Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir., 106 F.2d 383; Atlantic Greyhound Corporation v. McDonald, 4 Cir., 125 F.2d 849; Simpkins Federal Practice, 3d ed., p. 480. Rule 50(a) of the Federal Rules of Civil Procedure, supra, provides that:

"* * * A motion for a directed verdict shall state the specific grounds therefor."

In Virginia-Carolina Tie & Wood Co. v. Dunbar, supra [106 F.2d 385], the United States Court of Appeals for the Fourth Circuit speaking through Judge Parker as to the effect of failure to comply with this rule, among other things, said:

"The first question does not properly arise upon the record; for, although plaintiff's counsel did move for a directed verdict and excepted to the refusal of the court to grant same, the record does not show that they stated any grounds of motion, as expressly required by rule 50(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Prior to the adoption of this rule, there was conflict in the decisions of the federal courts as to the necessity for stating the grounds of a motion for directed verdict. New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96, 100. Rule 50(a) has settled that conflict, however, by providing that 'a motion for a directed verdict shall state the specific grounds therefor'. Moore Federal Practice, vol. 3, p. 3107; Simpkins Federal Practice, 3d ed., p. 480. And we think it important that this requirement of the rule be observed, particularly in view of the enlarged powers granted the court with respect to such motions by rule 50(b), as otherwise judgment might be entered on such a motion after the close of the trial and on a ground which could have been met with proof if it had been suggested when the motion was made. We do not mean to say that technical precision need be observed in stating the grounds of the motion, but merely that they should be sufficiently stated to apprise the court fairly as to movant's position with respect thereto. We doubtless have the power to consider such motion even though the grounds be not stated, if in our opinion this is necessary to prevent a miscarriage of justice; but in ordinary cases, such as that which is here presented, the grounds of the motion must be stated to avail movant in this court."

In Atlantic Greyhound Corporation v. McDonald, supra [125 F.2d 850], the rule was again stated by Judge Parker as follows:

"* * * A sufficient ground for denying the motion is found in the fact that it fails to state 'the specific grounds therefor' as required by rule 50(a)."

We therefore pretermit a summary of the testimony, but a careful consideration of the testimony convinces us that the motion was properly denied and should not have been granted even if it had stated the specific grounds therefor.

■ Defendant requested an instruction to the effect that if the jury found that the title to the vehicle was in Mr. Argo and his wife, plaintiff herein, that the negligence of the husband would be imputed to plaintiff. The request was denied and this denial is urged as error. This was an affirmative defense to support which the defendant had the burden of proof. The evidence is undisputed that plaintiff had no control or right whatever to direct the driver with respect to the operation of the vehicle and that she did not assert any such

right, and there was no substantial evidence that she had any ownership in the vehicle. The husband, in his testimony, uniformly spoke of it as "my car". In answer to the interrogatory, "Mrs. Argo, was your name on the title of that truck?", plaintiff answered, "I don't think it was. It was not on that car because there have been several of them that I was not on, and if I was on it, I know nothing about it." The testimony was not sufficient to show any title to the vehicle in plaintiff or that plaintiff's husband was operating the car as her agent. Indeed, it could scarcely be said that there was a scintilla of evidence in support of that contention. Neither was there any substantial evidence that plaintiff and her husband were engaged in a joint venture or enterprise. As above observed, the record is undisputed that plaintiff had no control or right to control or direct the driver with respect to the operation of the vehicle. Plaintiff's husband had taken leave from his post where he was stationed in Texas to attend the funeral of one of his relatives in Rogers, Arkansas, and plaintiff had merely accompanied him. They were returning home from the funeral when the accident occurred.

Defendant complains of certain phraseology of the court's instruction relative to the claims of the plaintiff as to the stopping of defendant's truck while traveling immediately in front of the vehicle in which plaintiff was riding. The jury could have found from the evidence either that the defendant's truck was stopped or suddenly slowed down at a time when the vehicle in which plaintiff was riding was approaching and was in close proximity to defendant's truck with no objects intervening between the two vehicles. The instruction objected to is based upon an Arkansas statute which provides that:

"No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." 6 Ark.Stat.Ann.1947, Sec. 75–618(c), p. 1210.

We think the evidence warranted the jury in finding that the vehicle in which plaintiff was riding was, within the purview of this statute, immediately to the rear of defendant's truck at the time defendant's truck was stopped or suddenly slowed, thus requiring the driver of defendant's truck to give an appropriate signal of his intention to stop.

Instructions must be considered as a whole. We think the instruction objected to correctly stated the applicable law and that the instructions as given covered every material issue on which there was substantial evidence.

Finally, defendant charges error in denying its motion for judgment notwithstanding the verdict. As a condition precedent to the right of a party to interpose such a motion he must have made a proper motion for a directed verdict. The rule in this regard provides as follows:

"* * * Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * *." Rule 50(b), Fed.Rules Civ.Proc., 28 U.S.C.A.

Here there was no proper motion for a directed verdict, there being no specific grounds stated therein. The motion for judgment notwithstanding the verdict must stand or fall on the sufficiency of the motion for a directed verdict. No error can be predicated on denying the motion for judgment notwithstanding the verdict in the instant case.

A consideration of the entire record convinces us that the case was carefully tried and that no errors were committed by the trial court prejudicial to the defendant. The judgment appealed from is therefore affirmed.